UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN HADLEY,<br><br>    Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>    Defendant. | Case No. 16-CV-04955-LHK<br><br>**ORDER DENYING MOTION TO STRIKE ANSWER AND ENTER DEFAULT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 111 |

    Plaintiff filed a second amended complaint on April 5, 2017. ECF No. 62. On August 10, 2017, the Court granted in part and denied in part Defendant's motion to dismiss. ECF No. 76. Defendant did not file its answer to the second amended complaint until January 19, 2018, 149 days or five months past the deadline for doing so. ECF No. 110. On January 30, 2018, Plaintiff filed a motion to strike the answer and enter default or, in the alternative, to strike Kellogg's affirmative defenses. ECF No. 111. Defendant opposed the motion to strike on February 13, 2018. ECF No. 115. Plaintiff replied on February 20, 2018. ECF No. 116.

    Having reviewed the parties' briefing on the motion to strike and the relevant law, the Court denies the motion to strike the answer, denies the motion for entry of default, and grants the

motion to strike only the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses. The Court denies Plaintiff's motion to strike the First through Third Affirmative Defenses.

First, the parties disagree on the relevant standard for evaluating the motion to strike. The Ninth Circuit in *Gibson v. Household International, Inc.*, 151 F. App'x 529, 530-31 (9th Cir. 2005) (unpublished), applied Rule 12(f) to a motion to strike an untimely answer and distinguished cases that applied the standard for setting aside a default that had already been entered. Similarly, other courts in the Northern District of California have applied Rule 12(f), rather than Rule 55(c). *See, e.g.*, *AT&T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1102 (N.D. Cal. 2008). As a result, the Court finds that the motion to strike is properly evaluated under Rule 12(f).

"Motions to strike are disfavored, and the remedy of striking a pleading should generally be granted only to avoid prejudice to the moving party or when it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Wolk v. Green*, 516 F. Supp. 2d 1121, 1134 (N.D. Cal. 2007). In a case with similar facts, *AT&T v. Dataway*, 577 F. Supp. 2d at 1103, another court in this district denied a motion to strike an answer that was 170 days late, where the defendant admitted the late filing was the result of oversight and had otherwise vigorously defended the case, including by filing a motion to dismiss. Additionally, the court in *AT&T* found that the plaintiff had not suffered prejudice because the plaintiff could not identify any defenses that caught it by surprise.

In the instant case, Defendant filed three motions to dismiss and has vigorously defended the case. On November 15, 2016, the Court denied Defendant's first motion to dismiss as moot in light of Plaintiff's filing of an amended complaint on November 8, 2016. ECF No. 31. On March 21, 2017, the Court granted Defendant's second motion to dismiss. ECF No. 56. On August 10, 2017, the Court granted in part and denied in part Defendant's third motion to dismiss. ECF No. 76. The parties have litigated 15 discovery motions before the special master. ECF Nos. 113-14. Moreover, Defendant concedes that the late filing of its answer was the result of an oversight. In

2

Case No. 16-CV-04955-LHK
ORDER DENYING MOTION TO STRIKE ANSWER AND ENTER DEFAULT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

1 fact, neither party was aware of Defendant's failure to file an answer until the special master

2 raised the issue on December 31, 2017. The Court finds that any prejudice that Plaintiff may have

3 suffered is not significant enough to warrant the drastic remedy of striking the answer. The Court

4 is persuaded neither that Plaintiff abandoned any of his claims in reliance on Defendant's silence,

5 nor that Defendant waived any defenses.

To remedy any alleged prejudice and because Defendant only began producing emails in mid-February 2018, the Court extends the filing deadline for Plaintiff's class certification motion from April 12 to April 30, 2018. Defendant's deadline will remain June 7, 2018 for the opposition.

Second, concerning the motion to enter default, the Court finds that entry of default is improper because Defendant filed its answer before Plaintiff sought entry of default. The Ninth Circuit has stated that "the general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In addition, in analogous circumstances, the Ninth Circuit held that a district court did not abuse its discretion in denying a motion for default where a motion to dismiss was filed before the clerk acted on a request for entry of default. *See Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 624 (9th Cir. 2015). Other district courts in the Ninth Circuit have held that even an untimely answer prevents entry of default. *See, e.g.*, *Wofford v. Bracks*, No. 15-1052, 2015 WL 10793981, at *1 (C.D. Cal. Aug. 13, 2015). Accordingly, the motion for entry of default is denied.

Third, with respect to striking Defendant's affirmative defenses, the Court declines to strike Defendant's First through Third Affirmative Defenses of failure to state a claim, puffery, and lack of justifiable reliance. These issues were previously raised in Defendant's motions to dismiss and thus the Court finds that Plaintiff has had adequate notice of these defenses.

The Court strikes the Fourth and Fifth Affirmative Defenses of safe harbor and preemption because the Court already ruled against these defenses as a matter of law. *See* ECF No. 76.

With respect to the Sixth, Seventh, and Eighth Affirmative Defenses, the Court has previously held that "the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 950 (N.D. Cal. 2015). The Sixth, Seventh, and Eighth Affirmative Defenses of unclean hands, waiver, and estoppel are nothing more than one-sentence recitations that "Plaintiff's claims are barred in whole or in part by the doctrine[s] of" unclean hands, waiver, or estoppel, without specifying any factual basis for the claims. Accordingly, the Court strikes the Sixth, Seventh, and Eighth Affirmative Defenses for failure to sufficiently plead the affirmative defenses. The Court strikes these defenses with prejudice because the Court finds that it would be unduly prejudicial to the Plaintiff to allow Defendant to amend the answer at this late stage of the case, particularly after the answer was already untimely by five months.

The Court also exercises its discretion to strike with prejudice the Ninth Affirmative Defense, the reservation of additional defenses, because the assertion of new defenses in the future, after this already untimely answer, would be unduly prejudicial to the Plaintiff.

**IT IS SO ORDERED.**

Dated: March 7, 2018

LUCY H. KOH
United States District Judge