**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HADLEY, on behalf of himself, all others similarly situated, and the general public,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLOGG SALES COMPANY,<br><br>　　　　Defendant. | Case No: 5:16-cv-04955-LHK-HRL<br><br>**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Fed. R. Civ. P. 56]<br><br>Judge:　　Hon. Lucy H. Koh<br>Date:　　　TBD<br>Time:　　　1:30 p.m.<br>Place:　　　Courtroom 8 – 4th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

NOTICE OF MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS & AUTHORITIES ....................................................................... 1

    I.     ISSUE TO BE DECIDED ................................................................................ 1

    II.    INTRODUCTION ............................................................................................ 1

    III.   FACTS .............................................................................................................. 1

         A.    The Kellogg Raisin Bran Labels ........................................................... 1

         B.    The Kellogg Raisin Bran Crunch Labels .............................................. 2

    IV.   THE APPLICABLE LAWS & REGULATIONS ............................................ 3

         A.    The Federal Food, Drug, and Cosmetic Act ......................................... 3

         B.    Statutory & Regulatory Requirements for Health Claims .................... 4

              1.    21 C.F.R. § 101.14 – General Requirements of Health Claims ........ 4

              2.    21 C.F.R. § 101.71 – Health Claims Not Authorized ....................... 4

         C.    California's Sherman Food, Drug, and Cosmetic Law ......................... 4

    V.    LEGAL STANDARDS .................................................................................... 5

         A.    Partial Summary Judgment ................................................................... 5

         B.    California's Unfair Competition Law ................................................... 5

    VI.   ARGUMENT .................................................................................................... 6

         A.    Raisin Bran and Raisin Bran Crunch Were Misbranded ...................... 6

         B.    Because Raisin Bran and Raisin Bran Crunch Were Misbranded, Kellogg is Liable for Violating the UCL's "Unlawful" Prong ............................ 7

    VII.  CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................... 5

*Bruton v. Gerber Prods. Co.*,
   703 Fed. App'x. 468 (9th Cir. 2017) .................................................................................. 6, 7

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ........................................................................................................... 5

*Farm Raised Salmon Cases*,
   42 Cal. 4th 1077 (2008) ......................................................................................................... 5

*Hadley v. Kellogg Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) .............................................................................. 1, 6

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices, &*
   *Prods. Liab. Litig.*, 2017 WL 2646286 (E.D. Va. June 20, 2017) ......................................... 7

*Jordan v. Paul Fin., LLC*,
   745 F. Supp. 2d 1084 (N.D. Cal. 2010) ................................................................................. 5

*Plascencia v. Lending 1st Mortg.*,
   259 F.R.D. 437 (N.D. Cal. 2009) ........................................................................................... 5

*Rahman v. Mott's LLP*,
   2014 WL 6815779 (N.D. Cal. Dec. 3, 2014) ......................................................................... 6

*Rezner v. Bayerishe Hypo-Und Vereinsbank AG*,
   2011 WL 6329854 (N.D. Cal. Nov. 8, 2011) ........................................................................ 5

*Saunders v. Super. Ct.*,
   27 Cal.App.4th 832 (1994) .................................................................................................... 5

*Shin v. Campbell Soup Co.*,
   2018 WL 6164264 (C.D. Cal. June 11, 2018) ....................................................................... 6

*United States v. Dotterweich*,
   320 U.S. 277 (1943) ............................................................................................................... 4

*United States v. Watkins*,
   278 F.3d 961 (9th Cir. 2002) ................................................................................................. 4

*Wang v. Massey Chevrolet*,
   97 Cal. App. 4th 856 (2002) .................................................................................................. 7

**Statutes**

21 U.S.C. § 331(a) ........................................................................................................................... 3

21 U.S.C. § 331(b) ........................................................................................................................... 3

21 U.S.C. § 331(c) ........................................................................................................................... 3

21 U.S.C. § 331(g) ........................................................................................................................... 3

21 U.S.C. § 331(k) ........................................................................................................................... 3

21 U.S.C. § 343(r) ............................................................................................................................ 7

21 U.S.C. § 343(r)(1)(B) .................................................................................................................. 4

21 U.S.C. § 393(b)(2)(A) ................................................................................................................. 3

21 U.S.C. §§ 301 *et seq.* .................................................................................................................. 3

Cal. Bus. & Prof. Code § 17200 ...................................................................................................... 5

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ........................................................................................ 1

Cal. Health & Safety Code § 110100(a) ...................................................................................... 5, 7

Cal. Health & Safety Code § 110670 ........................................................................................... 5, 7

Cal. Health & Safety Code § 110765 ........................................................................................... 5, 7

Cal. Health & Safety Code §§ 109875 *et seq.* ................................................................................ 4

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 1, 5

N.D. Cal. Civ. L.R. 56 ..................................................................................................................... 1

N.D. Cal. Civ. L.R. 7 ....................................................................................................................... 1

**Regulations**

21 C.F.R. §§ 101 *et seq.* .................................................................................................................. 4

21 C.F.R. § 101.14 ........................................................................................................................... 4

21 C.F.R. § 101.14(a)(1) .............................................................................................................. 4, 6

21 C.F.R. § 101.14(e) .......................................................................................................... 4, 7

21 C.F.R. § 101.14(e)(1)-(2) ................................................................................................... 6

21 C.F.R. § 101.70 ............................................................................................................... 4, 7

21 C.F.R. § 101.71 ............................................................................................................... 4, 7

21 C.F.R. § 101.71(a) ........................................................................................................... 4, 7

21 C.F.R. § 101.72 ............................................................................................................... 4, 7

21 C.F.R. § 101.73 ............................................................................................................... 4, 7

21 C.F.R. § 101.74 ............................................................................................................... 4, 7

21 C.F.R. § 101.75 ............................................................................................................... 4, 7

21 C.F.R. § 101.76 ............................................................................................................... 4, 7

21 C.F.R. § 101.77 ............................................................................................................... 4, 7

21 C.F.R. § 101.78 ............................................................................................................... 4, 7

21 C.F.R. § 101.79 ............................................................................................................... 4, 7

21 C.F.R. § 101.80 ............................................................................................................... 4, 7

21 C.F.R. § 101.81 ............................................................................................................... 4, 7

21 C.F.R. § 101.82 ............................................................................................................... 4, 7

21 C.F.R. § 101.83 ............................................................................................................... 4, 7

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUSNEL OF RECORD: PLEASE TAKE NOTICE THAT, on a date to be determined, Plaintiff will move the Court, pursuant to Fed. R. Civ. P. 56(a) and N.D. Cal. Civ. L.R. 7 and 56, for partial summary judgment. This Motion is based on this Notice of Motion, the below Memorandum, all pleadings and proceedings had in the action, and any further evidence and argument offered in support of the Motion.

Plaintiff seeks partial summary judgment finding Kellogg liable to the Class for violating the "unlawful" prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), with respect to the labeling of Raisin Bran and Raisin Bran Crunch with the claims "HEART HEALTHY / Whole grains can help support a healthy lifestyle," and "+ HEART HEALTH + / Kellogg's Raisin Bran / With crispy bran flakes made from whole grain wheat, all three varieties of Kellogg's Raisin Bran are good sources of fiber" (the "Misbranded Statements"). *Compare* Dkt. No. 62, SAC ¶¶ 127, 225-26; *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1076, 1098-99 (N.D. Cal. 2017).

**MEMORANDUM**

**I.    ISSUE TO BE DECIDED**

Whether the Class is entitled to partial summary judgment finding Kellogg liable for violating the UCL's "unlawful" prong because the labels of Raisin Bran and Raisin Bran Crunch bore the Misbranded Statements in violation of state and federal food labeling laws and regulations.

**II.    INTRODUCTION**

Partial summary judgement in favor of the Class, on Kellogg's liability for violating the UCL's "unlawful" prong, is proper here because, on undisputed facts, the challenged Raisin Bran and Raisin Bran Crunch labels were misbranded in that they violated applicable laws and regulations.

**III.    FACTS**

    **A.    The Kellogg Raisin Bran Labels**

At various times between approximately November 2013 and September 2014,[1] Kellogg sold Raisin

---

[1] On February 13, 2018, Kellogg represented that the dates set forth on the product proofs are the "approximate dates that those proofs were finalized for use in the marketplace," Dkt. No. 115 at 19. *See also* Dkt. No. 85 at 6 (Kellogg's "galley proofs contain the dates that each packaging was finalized," so that "changes [that] were made to the packaging over time" can be determined "by comparing the galley proofs").

1

Bran in 13.7 oz., 18.7 oz., and 23.5 oz. packaging bearing the statement, "+ HEART HEALTH + / Kellogg's Raisin Bran / With crispy bran flakes made from whole grain wheat, all three varieties of Kellogg's Raisin Bran are good sources of fiber" ("Misbranded Statement One"). *See* Ex. 5 to Decl. of Jack Fitzgerald in Supp. of Mot. for Class Certification ("Raisin Bran Label Timeline"), Dkt. No. 136-1 at ECF pp. 2, 10-11, 20-21.[2]

Additionally, between approximately November 2015 and September 2017, Kellogg sold Raisin Bran in 13.7 oz., 14.3 oz., 18.7 oz., 23.5 oz., and 30.3 oz. packaging bearing the statement, "HEART HEALTHY / Whole grains can help support a healthy lifestyle" ("Misbranded Statement Two"). Different sized packages bore the statement during different time periods within this range, with the most common dates of use ranging from approximately November 2015 through June 2016. *See* Raisin Bran Label Timeline, Dkt. No. 136-1 at ECF pp. 5, 7, 13-16, 24-26 & Dkt. No. 136-2 at ECF pp. 3-4.[3]

### B. The Kellogg Raisin Bran Crunch Labels

From approximately November 2013 to January 2014, and again in April 2014, Kellogg sold 24.8 oz. Raisin Bran Crunch packages bearing Misbranded Statement One. *See* Ex. 7 to Decl. of Jack Fitzgerald in

---

[2] To be more specific:

- 13.7 oz. Raisin Bran packages bore Misbranded Statement One from approximately November 2013 to September 2014.

- 18.7 and 23.5 oz. Raisin Bran packages bore Misbranded Statement One from approximately November 2013 to January 2014 and again from approximately April to May 2014.

*See id.*

[3] More specifically:

- 13.7 oz. Raisin Bran packages bore Misbranded Statement Two from approximately January to May 2016.

- 14.3 oz. Raisin Bran packages bore Misbranded Statement Two from approximately June 2016 through an unknown date.

- 18.7 oz. Raisin Bran packages bore Misbranded Statement Two in approximately November 2015, from approximately January to April 2016, and again in approximately August 2016 and August 2017.

- 23.5 oz. Raisin Bran packages bore Misbranded Statement Two from approximately November 2015 to April 2016, and again from approximately January to September 2017.

- 30.3 oz. Raisin Bran packages bore Misbranded Statement Two from approximately November 2015 to July 2016.

*See id.*

Supp. of Mot. for Class Certification ("Raisin Bran Crunch Label Timeline"), Dkt. No. 136-3 at ECF pp. 6-7. Misbranded Statement Two was on packages of 18.2 oz. Raisin Bran Crunch sold from approximately April 2016 to May 2016, and on 24.8 oz. packages of Raisin Bran Crunch sold in approximately parts of November 2015, from December 2015 to April 2016, and again from December 2016 to April 2017. *See* Raisin Bran Crunch Label Timeline, Dkt. No. 136-3 at ECF pp. 2, 11-12, 15.

The following are exemplars of the Misbranded Statements:



*Figure 1 - Misbranded Statement One (Raisin Bran Crunch November 2013 package, Kellogg-000114)*



*Figure 2 – Misbranded Statement Two (Raisin Bran April 2016 package, Kellogg-000055)*

## IV. THE APPLICABLE LAWS & REGULATIONS

### A. The Federal Food, Drug, and Cosmetic Act

The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA") empowers the Food and Drug Administration ("FDA") to protect public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled," *id.* § 393(b)(2)(A). The FDCA prohibits the distribution and sale of misbranded foods. *Id.* §§ 331(a)-(c), (g), (k). Foods are misbranded when they meet one of the definitions for misbranding under § 343, including where their labels "characterize[ ] the relationship of any nutrient which is of the type required by paragraph (q)(1) or (q)(2) to be in the label or labeling of the food to a disease

or health-related condition unless the claim is made in accordance with subparagraph (3) or (5)(D)," see id. § 343(r)(1)(B). "An article may be misbranded . . . 'without any conscious fraud at all,'" *United States v. Watkins*, 278 F.3d 961, 964 (9th Cir. 2002) (quoting *United States v. Dotterweich*, 320 U.S. 277, 281 (1943)).

### B.  Statutory & Regulatory Requirements for Health Claims

Regulations implementing the FDCA appear in part 101 of title 21 of the Code of Federal Regulations. Section 101.14 sets out "general requirements" governing health claims, 21 C.F.R. § 101.14, while Subpart E prescribes additional requirements for specific types of health claims, which are set forth in 21 C.F.R. §§ 101.70 - 101.83.

#### 1.  21 C.F.R. § 101.14 – General Requirements of Health Claims

A health claim is "any claim made on the label or in the labeling of a food . . . that expressly or by implication, . . . characterizes the relationship of any substance to a disease or health-related condition." *Id.* § 101.14(a)(1).  An implied health claim "include[s] those statements, symbols, vignettes, or other forms of communication that suggest, within the context in which they are presented, that a relationship exists between the presence or level of a substance in the food and a disease or health-related condition," *id.*

Section 101.14(e) provides that "[n]o expressed or implied health claim may be made on the label or in labeling for a food" unless "[t]he claim is specifically provided for in subpart E of this part" and "conforms to all general provisions of this section as well as to all specific provisions in the appropriate section of subpart E," *id.* § 101.14(e). Thus, all express or implied health claims on food labels are prohibited, unless they comply with the requirements of § 101.14, are specifically provided for in Subpart E of 21 C.F.R. §§ 101 *et seq.*, and meet the specific requirements set forth in the provision.

Relevant to this matter, Subpart E of 21 C.F.R. §§ 101 *et seq.* does not include provisions for health claims related to whole grains. *See* 21 C.F.R. §§ 101.70 - 101.83.

#### 2.  21 C.F.R. § 101.71 – Health Claims Not Authorized

Section 101.71 is the provision of Subpart E that sets forth "claims not authorized" for foods in conventional form or dietary supplements. The linking of "[d]ietary fiber and cardiovascular disease" is listed as an unauthorized claim. *See* 21 C.F.R. § 101.71(a).

### C.  California's Sherman Food, Drug, and Cosmetic Law

California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 109875 *et seq.*

("Sherman Law"), incorporates the federal food labeling laws and regulations into state law. *See id.* §§ 110100(a) ("All food labeling regulations . . . adopted pursuant to the federal fact . . . shall be the food labeling regulations in this state."), 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."), 110765 ("It is unlawful for any person to misbrand any food."); *see also Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1086-87, 1090 (2008).

## V. LEGAL STANDARDS

### A. Partial Summary Judgment

Under Rule 56, "[t]he court shall grant summary judgment if movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* Where there is no genuine dispute of material fact as to only a single claim or defense, or as to part of a claim or defense, partial summary judgment is proper. *See* Fed. R. Civ. P. 56(a).

### B. California's Unfair Competition Law

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice," *see* Cal. Bus. & Prof. Code § 17200. The UCL's "unlawful" prong "incorporates other laws to make them actionable." *Jordan v. Paul Fin., LLC*, 745 F. Supp. 2d 1084, 1098 (N.D. Cal. 2010); *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ("By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." (internal quotations and citations omitted)). Thus, "[v]iolation of almost any federal, state or local law may serve as the basis for a UCL claim." *Plascencia v. Lending 1st Mortg.*, 259 F.R.D. 437, 448 (N.D. Cal. 2009) (citing *Saunders v. Super. Ct.*, 27 Cal.App.4th 832, 838-39 (1994)). This includes laws, like the FDCA, that do not provide for a private right of action. *See Rezner v. Bayerishe Hypo-Und Vereinsbank AG*, 2011 WL 6329854, at *5 (N.D. Cal. Nov. 8, 2011) ("California courts have consistently held that where a business act or practice violates any law, that violation is actionable under the UCL, regardless of whether the predicate law itself contains a private right

of action."). Accordingly, violations of the FDCA and its implementing regulations, as well as violations of California's parallel Sherman Law, are predicate acts under the UCL's "unlawful" prong. *See*, *e.g.*, *Rahman v. Mott's LLP*, 2014 WL 6815779, at *7 (N.D. Cal. Dec. 3, 2014) ("Plaintiff has made a prima facie showing that the 'No Sugar Added' statement constitutes a violation of California's Sherman Law, and is thus independently actionable under the unlawful prong of the UCL.").

Moreover, "the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation." *Bruton v. Gerber Prods. Co.*, 703 Fed. App'x 468, 472 (9th Cir. 2017) (citations omitted); *see also Hadley*, 273 F. Supp. 3d at 1098 (quoting *Bruton*, 703 Fed. App'x at 472); *Shin v. Campbell Soup Co.*, 2018 WL 6164264, at *5 (C.D. Cal. June 11, 2018) (same). Where "[t]he predicate violation . . . is of California's Sherman Law, . . . which itself incorporates standards set by FDA regulations," the reasonable consumer test is not a requirement because "[t]hese FDA regulations include no requirement that the public be likely to experience deception." *Bruton*, 703 Fed. App'x at 472. (citations omitted). Thus, as this Court previously recognized, misbranded labeling claims are actionable under the UCL's "unlawful" prong based on even a "bare technical violation," *see Hadley*, 273 F. Supp. 3d at 1098. *See also Shin*, 2018 WL 6164264, at *5 (declining to dismiss UCL unlawful claims that "relie[d] upon alleged violations of the Sherman Law, [and] the FDCA and its implementing regulations" because defendant did "not argue that any of these underlying statutes and regulations requires Shin to satisfy the reasonable consumer test . . . nor is it apparent that any of them impose such a requirement." (citations omitted)).

## VI.  ARGUMENT

### A.  Raisin Bran and Raisin Bran Crunch Were Misbranded

Kellogg misbranded Raisin Bran and Raisin Bran Crunch by making unauthorized health claims. A health claim "expressly or by implication . . . characterizes the relationship of any substance to a disease or health-related condition." 21 C.F.R. § 101.14(a)(1). Foods may not make such claims "unless: (1) The claim is specifically provided for in subpart E of this part; and (2) The claim conforms to all general provisions of this section as well as to all specific provisions in the appropriate section of subpart E of this part," *id.* § 101.14(e)(1)-(2).

The Misbranded Statements are health claims because they links whole grains to heart health. *See Hadley*, 273 F.3d at 1076 ("These statements directly link cardiovascular health with fiber or whole grains

6

*Hadley v. Kellogg Sales Company*, No. 16-cv-4955-LHK-HRL
MOTION FOR PARTIAL SUMMARY JUDGMENT

and thus are health claims."). No such claims are authorized by subpart E. *See* 21 C.F.R. §§ 101.70-101.83. Thus, Kellogg's use violated 21 C.F.R. § 101.14(e). Inasmuch as the statements' references to whole grains imply the presence of fiber, making any statement linking "[d]ietary fiber and cardiovascular disease" is also "not authorized," *id.* § 101.71(a).

### B. Because Raisin Bran and Raisin Bran Crunch Were Misbranded, Kellogg is Liable for Violating the UCL's "Unlawful" Prong

A claim under the UCL's "unlawful" prong has just one element: the violation of any predicate law or regulation. *See Bruton*, 703 Fed. App'x. at 471 ("The UCL's unlawful prong 'borrows' predicate legal violations and treats them as independently actionable under the UCL." (citing *Wang v. Massey Chevrolet*, 97 Cal. App. 4th 856, 871 (2002))); *accord In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 2646286, at *15 (E.D. Va. June 20, 2017) (California UCL's "'unlawful' prong is to be considered separate and apart from any alleged misrepresentations Defendant may have made . . . and no form of reliance is required to state a claim under the 'unlawful' prong of the UCL when the underlying violation on which the alleged UCL violation is predicated does not require reliance." (internal quotation marks and record citation omitted)).

Plaintiff has demonstrated Kellogg's predicate violations of 21 C.F.R. § 101.14(e) and § 101.71(a). Accordingly, the Class is entitled to partial summary judgment finding Kellogg liable for violating the UCL's "unlawful" prong.

### VII. CONCLUSION

For the foregoing reasons, the Court should grant the Class partial summary judgment and hold that:

(A) Kellogg's Raisin Bran and Raisin Bran Crunch labels being the Misbranded Statements were in violation of 21 C.F.R. § 101.14(e) and § 101.71(a), and thereby in violation of 21 U.S.C. § 343(r), rendering the products misbranded;

(B) These labels were therefore also in violation of California's Sherman Law, including Cal. Health & Safety Code §§ 110100(a), 110670, and 110765; and

(C) Accordingly, with respect to these labels and Misbranded Statements, Kellogg is liable to the Class for violating the UCL's "unlawful" prong.[4]

---

[4] Such a ruling would reserve for trial the question of the proper remedies for Kellogg's violations.

Dated: May 24, 2019

Respectfully submitted,

/s/ Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**Class Counsel**