1

**THE LAW OFFICE OF JACK FITZGERALD, PC**

2

JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*

3

TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*

4

MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*

5

Hillcrest Professional Building

6

3636 Fourth Avenue, Suite 202
San Diego, California 92103

7

Phone: (619) 692-3840
Fax: (619) 362-9555

8

***Class Counsel***

9

10

11

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

12

13

STEPHEN HADLEY, on behalf of himself, all
others similarly situated, and the general public,

14

Plaintiff,

15

v.

16

KELLOGG SALES COMPANY,

17

Defendant.

18

Case No. 5:16-cv-04955-LHK

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR CIVIL CONTEMPT**

Judge:        Hon. Lucy H. Koh
Date:         October 3, 2019
Time:         1:30 p.m.
Location:   Courtroom 8 – 4th Floor

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

NOTICE OF MOTION................................................................................................................... 1

MEMORANDUM .......................................................................................................................... 1

I.  ISSUES TO BE DECIDED ............................................................................................. 1

II.  FACTS ............................................................................................................................. 2

    A.  The Court Dismissed Kellogg's Preemption Defense with Prejudice and Ordered that Kellogg Could Not Reassert the Defense Absent Leave Based on a Change in the Law........................................................................ 2

    B.  Without Leave, Kellogg Reasserted its Preemption Defense in a Motion for Partial Summary Judgment ...................................................................... 2

    C.  The Class Incurred Substantial Attorneys' Fees Responding to the Preemption Defense Reasserted in Kellogg's Motion for Partial Summary Judgment ................................................................................................... 2

III.  ARGUMENT ................................................................................................................... 2

    A.  Kellogg Committed Civil Contempt................................................................... 3

        1.  The Court's March 7, 2018 Order was Specific and Definite ....................... 3

        2.  Kellogg Violated the Court's March 7, 2018 Order ..................................... 4

    B.  The Court Should Sanction Kellogg for its Contempt.................................................. 5

IV.  CONCLUSION................................................................................................................. 6

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3
4
*B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC,*
   2017 WL 8751740 (S.D. Fla. Mar. 17, 2017)..................................................................4

5
6
*Citizens For Lawful & Effective Attendance Policies v. Sequoia Union High Sch. Dist.,*
   1998 WL 305513 (N.D. Cal. June 4, 1998)..................................................................5

7
*Codexis, Inc. v. EnzymeWorks, Inc.,*
   2018 WL 1536655 (N.D. Cal. 2018) ..................................................................2, 3, 4
8
9
*Cooke v. United States,*
   267 U.S. 517 (1925)..................................................................3

10
11
*Dionisio v. Midland Credit Mgmt.,*
   2019 WL 2420403 (E.D. Cal., June 10, 2019) ..................................................................3

12
13
*Donovan v. Mazzola,*
   716 F.2d 1226 (9th Cir.1983) ..................................................................3

14
*E-Smart Techs., Inc. v. Drizin,*
   2011 WL 1884195 (N.D. Cal. May 18, 2011) ..................................................................2, 3, 5
15
16
*F.T.C. v. Affordable Media,*
   179 F.3d 1228 (9th Cir. 1999) ..................................................................3

17
18
*Gen. Signal Corp. v. Donallco, Inc.,*
   787 F.2d 1376 (9th Cir. 1986) ..................................................................3

19
20
*Hook v. Ariz. Dep't of Corr.,*
   107 F.3d 1397 (9th Cir. 1997) ..................................................................3

21
*Huber v. Marine Midland Bank,*
   51 F.3d 5 (2d Cir. 1995)..................................................................3
22
23
*In re Petro,*
   18 B.R. 566 (Bankr. E.D. Pa. 1982) ..................................................................4

24
25
*Int'l Union, United Mine Workers of Am. v. Bagwell,*
   512 U.S. 821 (1994)..................................................................3

26
*Lasar v. Ford Motor Co.,*
   399 F.3d 1101 (9th Cir. 2005) ..................................................................5
27
28
*Maydak v. U.S. Dep't of Educ.,*
   150 Fed. App'x. 136 (3d Cir. 2005)..................................................................4

*McComb v. Jacksonville Paper Co.*,
    336 U.S. 187 (1949) ................................................................................................... 3

*N.L.R.B. v. Trans Ocean Export Packing, Inc.*,
    473 F.2d 612 (9th Cir. 1973) ...................................................................................... 3

*Oliner v. Kontrabecki*,
    305 B.R. 510 (N.D. Cal. 2004) ................................................................................... 3

*Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*,
    877 F.2d 787 (9th Cir. 1989) ...................................................................................... 5

*Reno Air Racing Ass'n., Inc. v. McCord*,
    452 F.3d 1126 (9th Cir. 2006) .................................................................................... 2

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ................................................................................................... 4

*Stewart v. U.S. Bancorp*,
    297 F.3d 953 (9th Cir. 2002) ...................................................................................... 4

*U2 Home Entm't, Inc. v. Gatechina.com, Inc.*,
    2006 WL 1223141 (N.D. Cal. May 8, 2006) .............................................................. 5

*United States v. United Mine Workers of America*,
    330 U.S. 258 (1947) ................................................................................................... 4

*Velazquez v. Zickerfoose*,
    2014 WL 6611058 (D.N.J. Nov. 21, 2014) ................................................................ 4

*Waid v. City of Albuquerque*,
    185 F.3d 876 (Table), 1999 WL 397385 (10th Cir. 1999) ........................................ 4

**Rules**

N.D. Cal. Civ. L.R. 7-8 ..................................................................................................... 1

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ........................................................................... 4

Black's Law Dictionary (7th ed. 2004) ............................................................................. 4

*Hadley v. Kellogg Sales Company*, No. 16-cv-4955-LHK
MOTION FOR CIVIL CONTEMPT

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT, pursuant to Local Civil Rule 7-8, on October 3, 2019, at 1:30 p.m., or as soon thereafter as may be heard, in the Courtroom 8 of the United Stated District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Plaintiff will move the Court, the Honorable Lucy H. Koh presiding, for an Order of civil contempt against Defendant Kellogg Sales Company ("Kellogg") and corresponding compensatory sanctions. The Motion is based upon this Notice of Motion, the below Memorandum, the concurrently-filed Declaration of Melanie Persinger ("Persinger Decl.") and all exhibits thereto, all prior pleadings and proceedings in this action, and any additional evidence and argument submitted in support of the Motion.

Plaintiff seeks an Order (i) holding Kellogg in civil contempt of the Court's March 7, 2018 Order dismissing with prejudice Kellogg's preemption defense, and (ii) awarding the Class the fees it incurred in opposing that portion of Kellogg's Motion for Partial Summary Judgment (Dkt. No. 256, "MSJ") concerning preemption, including through Plaintiff's Motion to Strike Fortin and Carvajal (Dkt. No. 270).

**MEMORANDUM**

The Court dismissed Kellogg's preemption defense with prejudice and Ordered Kellogg, "you don't get to reassert" preemption. In a brash affront to the Court's authority, Kellogg did exactly what the Court Ordered it could not, disregarding the Court's Orders and reasserting its preemption defense in a Motion for Partial Summary Judgment. Dkt. No. 256 ("MSJ"). The Court should hold Kellogg in civil contempt, and order Kellogg it to compensate the Class for the costs it incurred due to Kellogg's contempt.

## I.   ISSUES TO BE DECIDED

1.   Was the Court's March 7, 2018 Order dismissing Kellogg's Fifth Affirmative Defense of preemption "with prejudice" specific and definite?

2.   Was the Court's March 7, 2018 Order that Kellogg may not "reassert" its preemption defense absent leave based on a change in the law specific and definite?

3.   Did Kellogg's reassertion of its dismissed preemption defense without leave violate the Court's March 7, 2018 Orders?

4.   Should Kellogg be held in civil contempt and sanctioned?

1

## II.    FACTS

### A.    The Court Dismissed Kellogg's Preemption Defense with Prejudice and Ordered that Kellogg Could Not Reassert the Defense Absent Leave Based on a Change in the Law

On March 7, 2018, the Court "dismissed with prejudice" Kellogg's Fifth Affirmative Defense of preemption. Persinger Decl. Ex. 1, Mar. 7, 2018 Hrg. Tr. ("Hrg. Tr.") at 40:9-10. When Kellogg protested the Court's ruling, the Court expressly Ordered Kellogg, "you don't get to reassert" preemption. *See id.* at 39:2-9. When Kellogg responded by attempting to "reserve" the defense, the Court again was clear: "If there's new case law, then you can reassert [preemption] at that point." *Id.* at 39:10-15; *see also id.* at 40:8-11. But short of that, the Court Ordered that "[p]reemption is out. Preemption is out." *Id.* at 39:14-15.

### B.    Without Leave, Kellogg Reasserted its Preemption Defense in a Motion for Partial Summary Judgment

On May 24, 2019, Kellogg moved for partial summary judgment, arguing that "Plaintiff's claims based on the 'Heart Healthy' statement are preempted," MSJ at 6 (header capitalization and emphasis omitted); *see also generally id.* at 1-18. Kellogg did not first seek or obtain leave to reassert its dismissed preemption defense based on a change in the law, nor even argue that there has been a change in the law.

### C.    The Class Incurred Substantial Attorneys' Fees Responding to the Preemption Defense Reasserted in Kellogg's Motion for Partial Summary Judgment

Kellogg's reassertion of its preemption defense has caused the Class to incur substantial attorneys' fees in connection with both opposing the portion of Kellogg's summary judgment motion dedicated to preemption, and moving to strike the expert reports of Neil Fortin and Ricardo Carvajal that Kellogg offered to support its motion. Persinger Decl. ¶¶ 3-7.

## III.    ARGUMENT

"Civil contempt 'consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply[,]' and '[t]he contempt need not be willful[.]'" *Codexis, Inc. v. EnzymeWorks, Inc.*, 2018 WL 1536655, at *7 (N.D. Cal. 2018) (quoting *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotation marks and citations omitted)). "'Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order.'" *E-Smart Techs., Inc. v. Drizin*, 2011 WL 1884195, at *2 (N.D. Cal. May 18, 2011)

(quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir.1983)); *see also Codexis*, 2018 WL 1536655, at *7 ("An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." (alteration omitted) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949))).

"A court's power of contempt is regarded as an 'inherent' power that is 'necessary to the exercise of all others.'" *E-Smart Techs., Inc.*, 2011 WL 1884195, at *2 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)). "'The district court has wide latitude in determining whether there has been contemptuous defiance of its order.'" *Dionisio v. Midland Credit Mgmt.*, 2019 WL 2420403, at *2 (E.D. Cal., June 10, 2019) (quoting *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997)).

"When there has been contempt, a court can levy contempt sanctions pursuant to its inherent powers." *Id.* (citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)). "'Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both.'" *Codexis, Inc.*, 2018 WL 1536655, at *7 (quoting *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)). "'Compensatory awards are limited to 'actual losses *sustained as a result of the contumacy*.'" *Id.* (quoting *Gen. Signal Corp.*, 787 F.2d at 1380 (emphasis in original)). "And, '[i]f the fine, or any portion of the fine, is coercive, it should be payable to the court[.]'" *Id.* (quoting *Gen. Signal Corp.*, 787 F.2d at 1380).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (quoting *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ["*Affordable Media*"]). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (quoting *Affordable Media*, 179 F.3d at 1239). "[T]he alleged contemnor [must] show 'categorically and in detail' why he is unable to comply." *Id.* (quoting *N.L.R.B. v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973), and citing *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) ("the alleged contemnor's burden is to establish his inability [to comply] clearly, plainly, and unmistakably")).

### A.   Kellogg Committed Civil Contempt

#### 1.   The Court's March 7, 2018 Order was Specific and Definite

The Court's March 7, 2018 Order dismissing Kellogg's Fifth Affirmative Defense of preemption

"with prejudice," and advising Kellogg it may not "reassert" the defense was specific and definite.

"'With prejudice' is . . . shorthand for an adjudication upon the merits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (brackets, citations, and internal quotation marks omitted). Thus, "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted). "With prejudice" means "[w]ith loss of all rights," Black's Law Dictionary (7th ed. 2004) at 1596. In other words, "'dismissal with prejudice' means that a claim is *conclusively* dismissed, and the court denies the litigant an opportunity to re-plead that claim." *Velazquez v. Zickerfoose*, 2014 WL 6611058, at *5 n.9 (D.N.J. Nov. 21, 2014) (citing *Maydak v. U.S. Dep't of Educ.*, 150 Fed. App'x. 136, 138 (3d Cir. 2005)); *accord B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 2017 WL 8751740, at *1 (S.D. Fla. Mar. 17, 2017) ("Dismissal 'with prejudice' means 'in a way that finally disposes of a party's claim and bars any future action on that claim.'" (quoting Black's Law Dictionary (10th ed. 2014) (emphasis added))).

## 2.     Kellogg Violated the Court's March 7, 2018 Order

On May 24, 2019, Kellogg filed its Motion for Partial Summary Judgment in which, without leave, it reasserted its preemption defense, in violation of the Court's Order. *See* MSJ at 1-18. This is contempt. *See In re Petro*, 18 B.R. 566, 568-69 (Bankr. E.D. Pa. 1982) (debtor found in civil contempt for filing a subsequent Chapter 13 petition following a dismissal with prejudice of an earlier petition); *cf. Waid v. City of Albuquerque*, 185 F.3d 876 (Table), 1999 WL 397385, at *1 (10th Cir. 1999) ("The federal district court found plaintiff in civil contempt" because "plaintiff's third amended complaint filed in state court violated its previous order by naming individual defendants in their official capacities and by inserting additional new claims." (citation omitted)). Moreover, Kellogg did not "take all reasonable steps within [its] power to comply" with that Order, *see Codexis, Inc.*, 2018 WL 1536655, at *7 (quotation omitted), because all Kellogg had to do to comply was to not reassert its defense in a motion for summary judgment. Thus, Kellogg has no defense to a finding of contempt.[1]

---

[1] This is not the only specific and definite Order that Kellogg violated by its May 24, 2018 filings. On September 5, 2018, the Court issued an Order addressing "nine administrative motion to file under seal." Dkt. No. 219 ("Omnibus Sealing Order") at 1. In its Omnibus Sealing Order, the Court Ordered that:

Moving forward, to facilitate compliance with the sealing rules and the standards established within the Ninth Circuit, the Court hereby establishes the following procedures for filing

4

### B.    The Court Should Sanction Kellogg for its Contempt

Where "a violation [of a court order] has been shown, the court may impose civil contempt sanctions." *Citizens For Lawful & Effective Attendance Policies v. Sequoia Union High Sch. Dist.*, 1998 WL 305513, at *4 (N.D. Cal. June 4, 1998) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947)). "There are essentially two types of sanctions that may be imposed upon a finding of civil contempt: coercive sanctions to compel obedience to a court order or compensatory sanctions to redress losses sustained by the adversary." *E-Smart Techs., Inc.*, 2011 WL 2020710, at *3 (citation omitted).

"A compensatory sanction is limited to the actual losses sustained by the party seeking a contempt finding," *U2 Home Entm't, Inc. v. Gatechina.com, Inc.*, 2006 WL 1223141, at *3 (N.D. Cal. May 8, 2006) (citation omitted), and is "payable to the complainant," *Citizens For Lawful & Effective Attendance Policies*, 1998 WL 305513, at *4. "Actual losses may include 'reasonable attorney's fees' incurred . . . ." *Id.* (quoting *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989)); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111 (9th Cir. 2005) (describing civil contempt sanctions as "compensatory in nature because they were designed to compensate [plaintiff] for unnecessary costs and attorney's fees"). Coercive sanctions, on the other hand, "take the form of a fine payable to the court, which the contemnor may avoid by performing the act required by the court's order." *Citizens For Lawful & Effective Attendance Policies*, 1998 WL 305513, at *4 (citing *Portland Feminist*, 877 F.2d at 790).

Here, Kellogg's reassertion of its preemption defense is a clear-cut case of contempt, and its contempt has caused Plaintiff and the Court to incur an enormous amount of totally unnecessary work. The Court

administrative motions to file under seal in this case: The parties shall file all administrative motions to file under seal as joint motions. Prior to filing any such joint motions, lead counsel for both parties must meet and confer to decide what information the parties will request to file under seal. The parties must file declarations from lead counsel that confirm compliance with this order with each motion to file under seal.

*Id.* at 7. On May 24, however, in contravention of this Order, Kellogg ***unilaterally*** filed an Administrative Motion to File Documents Under Seal, Dkt. No. 263, without first conferring with Class Counsel, and thus did not (and could not) confirm compliance with the Omnibus Sealing Order in a supporting declaration from lead counsel, *see* Dkt. No. 263-2 (declaration of Phil Hamner, Kellogg's Vice President of Consumer Insights and Analytics for the Kellogg Company, filed in support of Kellogg's Administrative Motion to File Documents Under Seal); Dkt. No. 266 (omnibus declaration of Alexander M. Smith in support of Kellogg's May 24, 2018 motions making no mention of the Court's Omnibus Sealing Order nor any attempt by Kellogg to comply with that Order)). Unfortunately, this is just one more example in a pattern of Kellogg repeatedly ignoring Federal and Local Rules, its discovery obligations, and the Court's Scheduling Orders.

should sanction Kellogg by Ordering it to pay the Class's fees incurred in responding to Kellogg's preemption arguments, and any additional amount to the Court that the Court deems necessary or appropriate.

## IV.    CONCLUSION

The Court should hold Kellogg in civil contempt of its March 7, 2018 Order and order it pay the fees incurred by Plaintiff in opposing Kellogg's preemption arguments.[2] Plaintiff requests on behalf of the Class fees in the amount of $66,947.50. *See* Persinger Decl. ¶ 7.

Dated: June 14, 2019                          Respectfully Submitted,

                                              /s/ Jack Fitzgerald

                                              **THE LAW OFFICE OF
                                              JACK FITZGERALD, PC**
                                              JACK FITZGERALD
                                              *jack@jackfitzgeraldlaw.com*
                                              TREVOR M. FLYNN
                                              *trevor@jackfitzgeraldlaw.com*
                                              MELANIE PERSINGER
                                              *melanie@jackfitzgeraldlaw.com*
                                              Hillcrest Professional Building
                                              3636 Fourth Avenue, Suite 202
                                              San Diego, CA 92103
                                              Phone: (619) 692-3840
                                              Fax: (619) 362-9555

                                              ***Class Counsel***

---

[2] "Furthermore, courts have ordered sanctions under their inherent authority when the attorney's action triggered significant expense by unreasonably prolonging the litigation." *BAC Home Loans Servicing, L.P. v. Wells Fargo, N.A.*, 2013 WL 1147761, at *3 (E.D. Mich. Mar. 19, 2013) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 488-90 (6th Cir. 2011) (affirming inherent authority sanctions where plaintiff's counsel necessitated a defendant's "on-going participation in a lawsuit from which it had already been dismissed with prejudice" and "forced the unnecessary expenditure of time and resources to defend against frivolous and baseless claims")).