UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN HADLEY, et al., <br> Plaintiffs, <br> v. <br> KELLOGG SALES COMPANY, <br> Defendant. | Case No. 16-CV-04955-LHK <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 312 |

On August 26, 2019, Defendant Kellogg Sales Company ("Kellogg") filed an administrative motion to file under seal portions of an exhibit submitted in connection with Kellogg's Motion to Decertify the Class, Kellogg's Motion for Summary Judgment, and Kellogg's three *Daubert* motions. ECF No. 268-2; *see* ECF No. 302. Having reviewed Kellogg's submissions and the applicable sealing law, the Court GRANTS the instant administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As the Ninth Circuit has explained, this is a "common law right,"

1
Case No. 16-CV-04955-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL

1  *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017), reflecting the American judicial system's

2  longstanding commitment to "the open courtroom," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025

3  (9th Cir. 2014). The public policy favoring public access to judicial proceedings applies equally

4  to court records because "court records often provide important, sometimes the only, bases or

5  explanations for a court's decision." *Id.* Accordingly, when considering a sealing request, "a

6  strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

7  To be precise, the strong presumption of access to judicial records applies fully to filings

8  that are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v.

9  Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). That presumption can only be overcome by a

10 showing of "compelling reasons" that "outweigh the general history of access and the public

11 policies favoring disclosure." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).

12 The party seeking to seal a judicial record bears the burden of "articulat[ing] compelling reasons

13 supported by specific factual findings." *Id.* (internal quotation marks omitted). Compelling

14 reasons justifying the sealing of court records generally exist "when such 'court files might have

15 become a vehicle for improper purposes,' such as the use of records to gratify private spite,

16 promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

17 (quoting *Nixon*, 435 U.S. at 598). By contrast, "[t]he mere fact that the production of records may

18 lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

19 more, compel the court to seal its records." *Id.* at 1178–79.

20 However, the Ninth Circuit has "carved out an exception" to the presumption of access for

21 materials filed in connection with motions that are not "more than tangentially related to the

22 underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. Because "the public has less

23 of a need for access" to documents that are "unrelated, or only tangentially related, to the

24 underlying cause of action," parties moving to seal such documents need only meet the lower

25 "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Kamakana*, 447

26 F.3d at 1179. Still, the "good cause" standard requires a "particularized showing" that "specific

27 prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*

28

2

1   *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.

2   26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

3   will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

4   omitted).

5          The threshold question before the Court is what test to apply to Plaintiff's motion—"the

6   presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety*,

7   809 F.3d at 1097. The Ninth Circuit has held that the compelling reasons standard applies to

8   summary judgment motions, as well as *Daubert* motions "filed in connection with pending

9   summary judgment motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686

10  F.3d 1115, 1120 (9th Cir. 2012). Moreover, as the Court explained in its August 12, 2019 sealing

11  order, the compelling reasons standard typically applies to a motion for class certification. ECF

12  No. 306 at 4. That is because "[a] class certification motion 'generally involves considerations

13  that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which

14  require a districts court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the

15  merits of the plaintiff's underlying claims.'" *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-

16  00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (quoting *Wal-Mart Stores,*

17  *Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)). The Court therefore applies the compelling reasons

18  standard to the instant administrative motion to seal.

19         Plaintiff asserts that the exhibit at issue contains "proprietary" "information about how

20  Kellogg's competitors have responded to proposed changes in nutrition labeling" that disclosure

21  of such information would cause Kellogg significant competitive harm. ECF No. 312. Applying

22  the compelling reasons standard, the Court finds that Kellogg has justified sealing this document.

23         The U.S. Supreme Court and the Ninth Circuit have both made clear that compelling

24  reasons exist to seal court records when the records "might be used . . . 'as sources of business

25  information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at

26  1097 (quoting *Nixon*, 435 U.S. at 598). Such business information includes, but is not limited to,

27  "trade secrets." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement's

3

Case No. 16-CV-04955-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL

definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who *do* not know or use it," Restatement (First) of Torts § 757, cmt. b. For instance, "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable trade secrets. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Relevant here, the Federal Circuit has concluded that under Ninth Circuit law, "market research reports" are appropriately sealable under the compelling reasons standard where those reports "contain information that . . . competitors could not obtain anywhere else." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013). As the Federal Circuit explained, giving competitors access to reports that a litigant has spent time and energy conducting would give would provide competitors "with an enormous benefit—to [the litigant's] detriment." *Id.* Similarly, courts in this district have sealed internal reports that contain "discussions of business strategy and competitive analyses." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing a presentation that contained "discussions of business strategy and competitive analyses"); *see also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (approving the sealing of information that "prevent[s] competitors from gaining insight into the parties' business model and strategy").

Here, the Court agrees that the exhibit reveals "information about Kellogg's business strategies and plans for future products." *Id.* Kellogg has represented that it conducted the relevant research and analysis internally, and that it keeps the exhibit at issue confidential. ECF No. 312. Moreover, having reviewed the exhibit, the Court is satisfied that Kellogg has narrowly tailored its request to include only information that would plausibly cause competitive harm.

Thus, the Court rules on the instant motions as follows:

| **Document** | **Page/Line** | **Ruling** |
|---|---|---|
| KELLOGG-036087 (ECF No. 268-2) | Page 9 | GRANTED. |

| **Document** | **Page/Line** | **Ruling** |
|---|---|---|
| KELLOGG-036087 (ECF No. 268-2) | Page 10 | GRANTED. |
| KELLOGG-036087 (ECF No. 268-2) | Page 14 | GRANTED. |
| KELLOGG-036087 (ECF No. 268-2) | Page 19 | GRANTED. |
| KELLOGG-036087 (ECF No. 268-2) | Page 20 | GRANTED. |
| KELLOGG-036087 (ECF No. 268-2) | Page 21 | GRANTED. |

**IT IS SO ORDERED.**

Dated: December 12, 2019

*Lucy H. Koh*

LUCY H. KOH
United States District Judge