UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HADLEY, MELODY DIGREGORIO, ERIC FISHON, KERRY AUSTIN, and NAFEESHA MADYUN, on behalf of themselves, all others similarly situated, and the general public, <br><br>                      Plaintiffs, <br><br> v. <br><br> KELLOGG SALES COMPANY, <br><br>                      Defendant. | Case No. 5:16-cv-04955-LHK-HRL |

Declaration

of

**COLIN B. WEIR**

July 16, 2020

MAY REFERENCE MATERIALS DESIGNATED "CONFIDENTIAL" OR "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY" UNDER PROTECTIVE ORDER

I, Colin B. Weir, declare as follows:

I am Vice President at Economics and Technology, Inc. ("ETI"), One Washington Mall, 7th Floor, Boston, Massachusetts 02108.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I. QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.    I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I received a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to food products, household appliances, herbal remedies, health/beauty care products, electronics, furniture, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.

2.    Contained in Exhibit 1 is a list of numerous litigations in which I have participated in the design, execution and/or determination of the economic suitability of conjoint surveys, or have been found by the court to have expertise in conjoint analysis.  These cases include, but are not limited to *Jones v. Nutiva; Hunter v. Nature's Way; Looper v. FCA; Sanchez-Knutson v. Ford Motor Company; Belfiore v. Procter and Gamble; Kurtz v. Kimberly Clark; In re Scotts EZ Seed Litigation; In re: ConAgra Foods; In re: Arris Cable Modem; Hadley vs. Kellogg; Martinelli v. Johnson & Johnson; Krommenhock v. Post; and Hudock v. LG.*



3.     I am the same Colin B. Weir who has previously testified in this proceeding. Incorporated by reference are my April 20, 2018, June 25, 2018, September 20, 2018 and October 21, 2019 Declarations.  In sum, over the course of several declarations, I proposed "Price Premium Damages" as a method to determine damages on a Class-wide basis, and provided methods to estimate such using either hedonic regression analysis or conjoint analysis, with the Court holding that Price Premium Damages can be calculated on a Class-wide basis using hedonic regression or conjoint analysis.  In connection with a proposed Settlement in this case, I also performed and reported on a consumer survey in my October 2019 Declaration.

4.     I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

## II.  ENGAGEMENT

5.     I understand that on February 20, 2020, the Court denied without prejudice Plaintiffs' October 2019 Motion for Preliminary Approval, in part on the basis that "the claim form presents a misleading choice between vouchers and cash to class members" because the "voucher offer … suggests that class members that select vouchers will receive a voucher with twice the value of cash," whereas "Plaintiffs assume, based on their expert's calculations, that roughly 78% or 79% of class members will select the voucher offer," but "if Plaintiffs' assumptions are correct, then based on the availability of funds, the class members that select the cash refund will in fact receive a cash sum that is *higher* than the value of the corresponding voucher."[1]

6.     The Court noted that "Plaintiffs attempt to remedy this issue by proposing that the short-form notice and the claim form explain that '[t]he actual value of the Voucher or Cash Refund may be more or less than the initial offer amount depending on the final number of

---

[1] *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *7 (N.D. Cal. Feb. 20, 2020).

ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
July 16, 2020
Page 3 of 12

claims approved.'"[2]  But it found, despite this explanation, that "the clear implication of the

proposed claim form . . . is that the choice of cash will result in receipt of a 50% *lower* amount

than the choice of a voucher," and "[t]o the extent that the opposite is in fact true, the claim form

is misleading to class members."[3]

7.    In referring to Plaintiffs' "expert's calculations," the Court was referring to the

results of my previous claims administration survey, described in my October 2019 declaration,

in which the vouchers were described to respondents and respondents were then asked to choose

between cash or vouchers in the amount of 3X to 9X the amount of cash offered.  But I had not

been asked to provide those respondents with an explanation that the amount of cash or voucher

they actually receive might vary.

8.    Following the Court's preliminary approval order, Counsel for Plaintiffs asked me to

conduct additional survey research to inform the claims administration process.  Counsel asked

that the survey be similar to the one I previously implemented, but with respondents only offered

vouchers in a 2:1 ratio to cash; and with some respondents given a series of disclosures or

explanations about the process before having to make a decision, then asked afterwards to

indicate their understanding of the process.  The overarching goal of the survey was to determine

whether proposed disclosures were sufficiently explanatory so that a revised claim form would

no longer be misleading; and to determine the effect of the disclosures on respondents' choices,

and thus the assumptions driving a calculation of the likely outcome for Settlement Class

Members who claim each option.

9.    ETI is being compensated at the rate of $675 per hour for my work on this case.  The

opinions expressed in this declaration are my own, and my compensation is not dependent upon

the substance of these opinions or the outcome of the litigation.

---

[2] *Id.*

[3] *Id.*

ETI ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
July 16, 2020
Page 4 of 12

10.  The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report.  In addition, I have relied upon my educational background and more than 16 years of experience.

### III.  CLAIMS ADMINISTRATION SURVEY

11.  I was asked by Counsel to conduct a survey of Settlement Class Members to provide data for the purposes of conducting claims administration.  Specifically, I was asked to research the likely choices of Settlement Class Members as between Cash and Voucher remunerative options when such Settlement Class Members receive informative statements as to the way both Cash and Voucher relief may vary based upon participation in the settlement process.

12.  I designed a survey with three components: (1) a screener, (2) a choice exercise to estimate choices between cash and voucher relief accompanied by the provision of information, (3) follow-up questions to determine if respondents generally understood the information provision.

*Screener*

13.  The screener section included a brief welcome to the survey, a CAPTCHA test to check that respondents are not bots, and are paying attention to the survey, some brief demographic questions, and questions about past history of purchase of food products.  To qualify for the main portions of the survey, respondents had to be 18 years of age or older, a resident of the 50 United States plus Washington, D.C., have purchased breakfast cereal or snack/breakfast bars in the past three months, and have purchased at least one of the following specific products (of any size or flavor) within the last three months: Crunchy Nut, Frosted Mini Wheats, Krave, Raisin Bran, Smart Start, or NutriGrain bars.[4]

---

[4] For Crunchy Nut, respondents were asked about their purchases within the last three months before the product was discontinued.



Declaration of Colin B. Weir
July 16, 2020
Page 5 of 12

*Cash versus Voucher*

14.   Respondents that qualified for the survey were then introduced to the idea that, based upon their purchase history, they may qualify for a refund via a rebate program, and that the survey was intended to research their preferred options for receiving their rebate.  Respondents were asked to specify how much of each Product they purchased within the last three months, and the year they recall first purchasing that Product.  This information was used to calculate an estimate of consumption of the products.

15.   Next, respondents were provided with information about the voucher-based rebate, mirroring the terms of the voucher relief in the Settlement Agreement.  Respondents were told that Vouchers expire four months (120 days) after issuance; that they are transferrable; that their value must be used in a single transaction, with any unused value forfeited; and that they can be used to obtain from any retailer of Kellogg's products, various Kellogg cereal products including (i) Variety 10-Pak, (ii) Fun 8-Pak, (iii) Raisin Bran (all five flavors), (iv) Smart Start, (v) All Bran (all three flavors), (vi) Crispix, and (vii) Mueslix.[5]  They were then asked to confirm that they understood they would have to make a choice between a Voucher Rebate and a Cash Rebate.

16.   Based upon the results of the calculation from the respondent's specification of product use, respondents were assigned into one of four "bins."  Each bin reflected the base "initial cash rebate offer" amount they would qualify for.  I was asked to use the bins $2.50, $5.00, $7.50 and $10.00.  Each respondent was offered an initial voucher rebate offer of twice the amount of the initial cash rebate offer.  For example, someone in the $2.50 bin would be given a choice between receiving an "initial cash rebate offer" of $2.50 in cash, or an "initial voucher rebate offer" of $5.00 (2.5 x 2 = 5.00).

---

[5] An example of this question (as well as others) as presented to respondents, is attached hereto as Exhibit 2.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
July 16, 2020
Page 6 of 12

*Disclosure Modules*

17.  I was asked to test the effect of different levels of disclosure of information about the how the amounts that class members would ultimately receive may differ from the initial offers.

18.  Respondents were randomly selected to be placed into one of four test cells, with each module receiving a different level of information provided.  Each of the modules are described briefly below, with the full disclosure from each module reproduced below in Exhibit 2.

- Module 1: Initial offers (2:1 ratio) are shown without any disclosures;

- Module 2: Initial offers (2:1 ratio) are shown.  Respondents are told that these offers may change in terms of total amount and ratio, based upon the number of participants, and how many participants choose each type of relief;

- Module 3: The same as Module 2, but with an additional disclosure that "in a recent survey about this rebate program, approximately 80% of participants chose a Voucher Rebate"; and

- Module 4: The same as Module 3, but with an additional disclosure that "[the survey data] resulted in the available Voucher Rebate being worth substantially less than the available Cash Rebate."

19.  The screenshot below reproduces Module 4 as an exemplar.

_____

[The remainder of this page intentionally left blank.]



Declaration of Colin B. Weir
July 16, 2020
Page 7 of 12



Based on your purchase history, under the proposed rebate program, you would qualify for an initial Voucher Rebate offer of $5.00 or initial Cash Rebate offer of $2.50.

**These are <u>initial offers</u> only. The amount of the Voucher Rebate or Cash Rebate you receive under the program is subject to change. The proportion of Voucher-to-Cash value distributed to participants under the program is also subject to change. Before making your selection please carefully consider that:**

- All participants must choose either a Voucher Rebate or a Cash Rebate.

- The *amount* of Voucher or Cash Rebate you actually receive may be lower or higher than the initial offer, depending on how many people participate in this program, and how many choose each option.

- The *proportion* of Voucher-to-Cash value distrubted under the program also depends on how many people participate in this program, and how many choose each option.

- If too many participants choose Vouchers, the value of the Vouchers distributed may be less than twice the value of the Cash distributed, whereas if too many participants choose Cash, the value of the Vouchers may be more than twice the value of the Cash.

- In a recent survey about this rebate program, approximately 80% of participants chose a Voucher Rebate. This resulted in the available **Voucher Rebate being worth substantially less than the available Cash Rebate.**

Knowing that the **initial amounts offered may change** based upon the **number of participants in the program** and **how many people choose each option** would you take the:

○ Voucher Rebate
○ Cash Rebate

Next

0% ▬▬▬▬▬▬▬ 100%

20.    As shown in the above screen shot, respondents were then presented with a choice:

"Knowing that the **initial amounts offered may change** based upon the **number of participants in the program** and **how many people choose each option**," would they prefer to

receive a rebate in the form of cash or a voucher.[6]

---

[6] Module 1 respondents were simply asked, "If given the option, would you take the "Voucher Rebate or the Cash Rebate."



Declaration of Colin B. Weir
July 16, 2020
Page 8 of 12

*Follow-up questions*

21.   Respondents were then asked a series of true-or-false questions concerning the
nature of the program:

- Please indicate below whether you believe the following statements are true or false.

  o The amount of Voucher or Cash Rebate you actually receive may be different
    than the amount you were initially offered.

  o It is possible that the value of the Voucher Rebate distributed will be less than
    twice the value of the Cash Rebate distributed.

  o It is possible that the value of the Voucher Rebate distributed will be more than
    twice the value of the Cash Rebate distributed.

  o The amount of Voucher or Cash Rebate you actually receive will be exactly what
    you were initially offered, regardless of how many people participate in this
    program.

22.   Respondents were also asked two multiple choice questions to identify whether they
understood that, based upon the number of people that participated in the program and the
number of people that choose the cash or voucher options, the amount of the cash or voucher or
the ratio of the amount of the cash versus the voucher that they eventually receive could differ
from the amounts and ratios initially offered.

23.   The true and false, and multiple choice exercises are reproduced below in Exhibit 2.

24.   If respondents completed the full exercise, they were thanked, and the survey was
terminated.

*Fielding the survey and analysis of results*

25.   The survey was fielded to N=2,160 respondents.  Each module received
approximately N=500 respondents.  Respondents were referred by Dynata (formerly SSI-


ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
July 16, 2020
Page 9 of 12

Research Now)[7] as the online survey vendor to provide the respondent sample.  Based on my experience in the industry, the Dynata online panel sample is regarded as one of the most credible and reliable non-probability online panel having the necessary scale for this study.[8] Across the entire sample size, at a 95% confidence level, the margin of error of the survey is +/- 2.11%.  For each module, at a 95% confidence level, the margin of error of the survey is approximately +/-4.25%.

26.  For quality purposes, the sample was analyzed to remove speeders, laggards, and other respondents that showed signs of possible inattention to the survey.

27.  After tabulating and analyzing the survey results, I have reached the following conclusions based upon the research topics that I was asked to investigate.

*Cash versus Voucher Preference*

28.  When provided the disclosures noted above, respondents chose the cash option versus the voucher option as set forth below in Table 1.

---

[7] "A global leader in first-party data and data services, Dynata is one of the world's leading providers of first-party data contributed by consumers and business professionals. With a reach that encompasses 60+ million people globally and an extensive library of individual profile attributes collected through surveys, Dynata is the cornerstone for precise, trustworthy quality data. The company has built innovative data services and solutions around its core first-party data offering to bring the voice of the customer to the entire marketing spectrum, from market research to marketing and advertising. Dynata serves nearly 6,000 market research agencies, media and advertising agencies, consulting and investment firms, and healthcare and corporate customers in North America, South America, Europe, and Asia-Pacific." https://www.dynata.com/company/about-us/  (last accessed October 11, 2019).

[8] The Sawtooth Software Annual User Survey finds that a plurality of users selected Dynata for their primary online panel/web samples.  https://www.sawtoothsoftware.com/about-us/news-and-events/news/1693-results-of-2019-sawtooth-software-user-survey (last accessed October 11, 2019).



Declaration of Colin B. Weir
July 16, 2020
Page 10 of 12

| | Table 1. Analysis of Respondents' Cash versus Voucher Choices | | |
| --- | --- | --- | --- |
| Module | Module Summary[9] | Percent choosing Cash | Percent choosing Voucher |
| Module 1 | 2:1 Cash to Voucher ratio, no disclosure | 39.9% | 60.1% |
| Module 2 | Same initial offer, but provides a disclosure | 45.3% | 54.7% |
| Module 3 | Same as Module 2, adds results of prior survey | 45.0%[10] | 55.0% |
| Module 4 | Same as Module 3, adds consequences of prior survey results | 55.4% | 44.6% |

29.   In my prior survey, which tested the use of 3:1 up to 9:1 Voucher to Cash offers (without disclosures), respondents consistently chose Vouchers over Cash in roughly 80% of choices.  As can be seen from the Module 1 results above, reducing the initial offer to a 2:1 ratio (without disclosure) causes respondents to choose Vouchers over Cash roughly 60% of the time -- a roughly 20 percentage point shift from higher ratios.

30.   Providing disclosures that indicate that final amounts received may be different from the initial offers both in amount and ratio, depending on how many people participate in the program, and how many people choose cash or vouchers (Module 2), results in an additional five percentage point shift in respondents choosing Vouchers over Cash.

31.   Providing respondents with disclosures and the details of the prior survey (Module 3) does not result in a statistically meaningful change of the results from Module 2.

32.   Providing respondents with disclosures, the details of the prior survey, and the consequences that would result from those survey choices (Module 4), results in an additional 15 percentage point shift in respondents choosing Vouchers versus Cash.

---

[9] Screenshots of the exact details of each module are provided below in Exhibit 2.

[10] The difference between the results of Modules 2 and 3 are not statistically significant.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
July 16, 2020
Page 11 of 12

*Understanding of the disclosures*

33.   The results of the true and false, and multiple choice questions are presented below in Table 2.

| Table 2. | | | |
| --- | --- | --- | --- |
| **Analysis of True/False, Multiple Choice Questions** | | | |
| **Summary of the Question[11]** | **Percent of Respondents Indicating that they correctly understand the details of the program** | | |
| | **Module 2[12]** | **Module 3** | **Module 4** |
| T/F: The amount you receive may be different than the initial offer. | 90.3% | 89.9% | 88.6% |
| T/F: The final voucher rebate may be less than 2X the final cash rebate. | 73.8% | 66.6% | 68.3% |
| T/F: The final voucher rebate may be less than 2X the final cash rebate. | 69.0% | 66.8% | 65.4% |
| T/F: The amount you ultimately receive will be the same as the initial offer regardless of participation. | 59.8% | 57.0% | 61.1% |
| MC: Amount of cash or voucher that you ultimately receive depends on how many people participate in the program. | 71.9% | 70.5% | 72.2% |
| MC: The ratio of Voucher to Cash that you ultimately receive depends on how many people choose each option, Vouchers or Cash. | 76.0% | 75.4% | 75.1% |

34.   When the results of both multiple choice questions are combined, roughly 84% of respondents indicated that they understood that either the amount of cash or voucher that they

---

[11] The full questions are reproduced below in Exhibit 2.

[12] Results for Module 1 are not reported, as respondents in Module 1 were not given any disclosures about the program.



Declaration of Colin B. Weir
July 16, 2020
Page 12 of 12

ultimately will receive, or the ratio of voucher to cash that will be disbursed, may vary from the initial amounts and proportion offered based on the number of people that participate in the program, or the number of people that choose each option, voucher or cash.

35.   In a survey environment such as this, it would be unlikely to see 100% of respondents answer all of these questions correctly.  There will always be a limited number of respondents who answer the question incorrectly, for example, by accident, even if they know the correct answer.  Given these results, it can be expected that a supermajority of participants in the Settlement, if given the information provision in approximately the same form as used in this survey, will understand that the initial amounts of cash or voucher relief, and the ratio of such amounts, will likely vary based upon the number of participants in the settlement, and which type of relief such participants select.

## IV.  RESERVATION OF RIGHTS

36.   My testimony is based upon the information and data presently available to me.  Additional, different and/or updated data including market research data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my testimony.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Tisbury, Massachusetts, this 16th day of July, 2020.

_____

Colin B. Weir



**Exhibit 1**

**Statement of Qualifications**
**of**

**COLIN B. WEIR**

## Statement of Qualifications

## COLIN B. WEIR

Colin B. Weir is Vice President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, a business member of the Boston Bar Association, serves on the Board of Trustees of the Waring School, and serves as the comptroller for the Sybaris Investment Partnership.

ECONOMICS AND
TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.

2



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York*  (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony:

**United States District Court, Northern District of California, San Francisco Division,** *Daniel Zeiger, Individually, and on Behalf of All Others Similarly Situated, v. Wellpet LLC, A Delaware Corporation*, Case No. 3:17-CV-04056-WHO, on behalf of Gustafson Gluek PLLC, Declaration submitted on June 29, 2020.

**United States District Court, Central District of California, Western Division,** *Roberta Bilbrey, Jimmy Banh, Lawrence Goldman, Mark Peoples, Jamal Samaha, George Quinlan, Kara Drath, Gary Hanna, Sarah Gravlin, Caitlin Kremer, Cindy Ortiz, Alexis Chisari, Robert Moss, Michael Brumer, Dave Jahsman, John Bartholomew, Vimal Lawrence, Kayce Kleehamer, Mark Klein, Brian Klein, Charles Denaro, Adam Pryor, Srikarthik Subbarao, Daniel Allan, Paul Gonzales, Eric Faden, Hamilton Hines, And Kristen Gratton, on behalf of themselves and all others similarly situated, v. American Honda Motor Co., Inc., a California Corporation*, Case No.: 2:19-cv-05984 RGK (ASx), on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on April 9, 2020; Reply Declaration submitted on May 18, 2020; Deposition on June 12, 2020.

**United States District Court, District of New Jersey,** *Brian Gozdenovich, on behalf of himself and all others similarly situated, v. AARP, Inc., AARP SERVICES Inc., AARP Insurance Plan, UnitedHealth Group, Inc., and UnitedHealthcare Insurance Company*, Case No. 2:18-cv-02788-MCA-MAH, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 26, 2020; Deposition on July 1, 2020; Rebuttal Declaration submitted on July 9, 2020.

**United States District Court, Central District of California,** *Will Kaupelis and Frank Ortega, individually and on behalf of all others similarly situated, v. Harbor Freight Tools, Inc.*, Case No. 8:19-cv-1203-JVS-DFM, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2020; Deposition on May 28, 2020.

**Superior Court of the State of California, County of Los Angeles,** *Jeffrey Koenig, on behalf of himself and all others similarly situated, v. Vizio, Inc*., Case No. BC 702266, on behalf of Greg Coleman Law, Declaration submitted February 27, 2020; Deposition on April 30, 2020; Reply Declaration submitted on July 13, 2020.

**United States District Court, Northern District of California, San Francisco Division,** *Kym Pardini and Carrie Wood, on behalf of themselves and all others similarly situated, v. Unilever United States, Inc., a Delaware corporation*, Case No. 3:13-cv-01675-SC, on behalf of the Eureka Law Firm, Declaration submitted on February 21, 2020.



**United States District Court, Northern District of California, San Francisco Division,** *Jennifer Nemet, Norbert Kahlert, Angela Matt Architect, Inc., Eddie Field, Tonya Dreher, Adam Schell, Bryan Sheffield, Darryl Lecours, Gisbel De La Cruz, Derek Winebaugh, Michael Skena, Melissa St. Croix, Andrew Olson, John Kubala, Brendan Daly, Steven Ferdinand, Ken Galluccio, Steven Rawczak, Mark Miller, Sven Hofmann, Thomas Siehl, III, Adam Schell, Bradley Conner, Benjamin Tyler Dunn, Ingrid Salgado, Michael Bowman, and Jon Mosley, on behalf of themselves and all others similarly situated, v. Volkswagen Group of America, Inc., Volkswagen AG, Audi AG, Audi of America, LLC, Robert Bosch Gmbh, Robert Bosch LLC, Richard Dorenkamp, Heinz-Jakob Neusser, Jens Hadler, Bernd Gottweis, Oliver Schmidt, and Jurgen Peter,* Case No. 3:17-cv-04372-CRB, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 14, 2020; Reply Declaration submitted on April 30, 2020

**United States District Court, Norther District of California, San Francisco Division,** *Vicky Maldonado and Justin Carter, individually and on behalf of themselves and all others similarly situated, v. Apple Inc., Applecare Service Company, Inc., and Apple CSC, Inc.,* Case No. 3:16-cv-04067-WHO, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on February 11, 2020; Deposition on March 12, 2020.

**United States District Court, District of New Jersey,** *Brian Gozdenovich, on behalf of himself and all others similarly situated, v. AARP, Inc., AARP Services Inc., AARP Insurance Plan, Unitedhealth Group, Inc., and Unitedhealthcare Insurance Company,* Case No. 9:18-cv-81258-DMM, on behalf of Bursor & Fisher, P.A., Declaration submitted on January 29, 2020.

**United States District Court, for the Central District of California, Western Division,** *Toya Edwards, on behalf of herself and all others similarly situated, v. Walmart Inc*., Case No. 1:18-cv-9655, on behalf of Simmons Hanly Conroy LLC, Declaration submitted on December 6, 2019; Deposition on January 9, 2020; Reply Declaration submitted on February 27, 2020.

**United States District Court, District Of Connecticut,** *William Montgomery and Donald Wood Jr., individually and on behalf of all others similarly situated, v. Stanley Black & Decker, Inc., d/b/a Craftsman*, Case No. 3:19-cv-01182-AVC, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 15, 2019.

**United States District Court, Central District of California,** *Paul Stockinger, Elizabeth Stockinger, Basudeb Dey, Gailyn Kennedy, Eliezer Casper, Yvette Alley, and Norman Beil on behalf of themselves and all others similarly situated, v. Toyota Motor Sales, U.S.A., Inc., a California corporation*, Case No.: 17-cv-00035-VAP-KS, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on September 13, 2019; Deposition on October 10, 2019; Reply Declaration submitted on December 12, 2019.



**United States District Court, Southern District of California,** *Patrick McMorrow, Marco Ohlin and Melody DiGregorio, on behalf of themselves, all others similarly situated and the general public, v. Mondelez International, Inc.*, Case No. 3:17-cv-02327-BAS-JLB, on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on August 30, 2019; Deposition on October 1, 2019; Omnibus Declaration submitted on December 9, 2019; Declaration submitted on May 4, 2020.

**United States District Court for the Eastern District of Wisconsin,** *Scott Weaver, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP*, Case No. 2:18-cv-01996-JPS, on behalf of Gustafson Gluek PLLC, Declaration submitted on August 13, 2019; Deposition on August 22, 2019.

**United States District Court, Central District of California,** *Collin Shanks, on behalf of himself, all others similarly situated, and the general public, v. Jarrow Formulas Inc.*, Case No. 18-cv-9437-PA (AFMx), on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on July 22, 2019; Reply Declaration submitted on August 12, 2019.

**United States District Court, Eastern District Of Michigan, Southern Division,** *Suresh Persad, Daniel G. Wright and Robert S. Drummond, individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:17-cv-12599-TGB-MKM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on June 25, 2019; Declaration submitted on November 26, 2019.

**United States District Court, Southern District of Florida, Fort Lauderdale Division,** *Milita Barbara Dolan, on behalf of herself and all others similarly situated, v. Jetblue Airways Corporation*, CASE NO.: 18-cv-62193-RNS, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on May 23, 2019; Deposition on October 25, 2019.

**United States District Court, Northern District of California,** *Joseph Gregorio, Patrick Quiroz and Adam Cooper individually and on behalf of all others similarly situated, v. The Clorox Company,* Case 4:17-cv-03824-PJH, on behalf of Bursor & Fisher, P.A., Declaration submitted on May 15, 2019; Declaration submitted July 12, 2019; Deposition on July 18, 2019; Reply Declaration submitted on August 21, 2019.

**United States District Court, District of Minnesota,** *Hudock, et al., v. LG Electronics U.S.A., Inc., et al.*, Lead Case No. 0:16-CV-01220-JRT-KMM, Relating to All Consolidated Actions, on behalf of Zimmerman Reed, LLP, Declaration submitted on May 10, 2019; Deposition on June 6, 2019.

**United States District Court, Central District of California, Western Division,** *Jennifer Reitman and Carol Shoaff, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP*, Case: 2:18-cv-01736-DOC-JPR, on behalf of Gustafson Gluek PLLC, Declaration submitted on April 8, 2019, Deposition on April, 26, 2019; Supplemental Declaration submitted on June 20, 2019.



**United States District Court, Central District of California, Western Division,** *Barry Braverman, et al., v. BMW of North America, LLC, et al.*, Case No. 8:16-cv-00966-TJH-SS, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 29, 2019; Deposition on May 30, 2019; Reply Declaration submitted on September 16, 2019; Supplemental Declaration submitted on July 6, 2020.

**United States District Court, Southern District of Florida, West Palm Beach Division,** *Judith Marilyn Donoff on behalf of herself and all others similarly situated, v. Delta Air Lines, Inc.*, Case No. 9:18-cv-81258-DMM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on March 26, 2019.

**United States District Court, Western District of Washington,** *Jacob Beaty and Jessica Beaty on, behalf of themselves and all others similarly situated, v. Ford Motor America*, Case No. 3:17-CV-05201-RBL, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 22, 2019; Deposition on March 29, 2019; Reply Declaration submitted on July 10, 2019; Deposition on July 30, 2019.

**United States District Court, Southern District of New York,** *Nicholas Parker, on behalf of himself and all others similarly situated, v. United Industries Corporation*, Case No. 1:17-cv-05353, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2019; Declaration submitted March 21, 2019; Declaration submitted on May 3, 2019; Deposition on July 24, 2019.

**United States District Court, Northern District of California,** *Debbie Krommenhock and Stephen Hadley, on behalf of themselves, all others similarly situated, and the general public, v. Post Foods, LLC,* Case No. 3:16-cv-04958-WHO (JSC), on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted January 11, 2019; Deposition on March 1, 2019; Declaration on April 24, 2019; Deposition on May 14, 2019; Supplemental Declaration submitted on June 21, 2019; Omnibus Declaration submitted on August 9, 2019.

**United States District Court, Southern District of New York,** *Leona Hunter and Anne Marie Villa, on behalf of themselves and all others similarly situated, v. Time Warner Cable Inc.*, Case No. 15-cv-06445-JPO (JLC), on behalf of Bursor & Fisher, P.A. Declaration submitted on November 30, 2018; Deposition on December 21, 2018; Reply Declaration submitted on February 27, 2019.

**United States District Court, Northern District of California,** *Jeremiah Revitch, on Behalf of Himself and all Others Similarly Situated, v. Citibank, N.A.*, Case No. 17-cv-06907-JCS, on behalf of Bursor & Fisher, P.A. Declaration submitted on November 27, 2018; Deposition on December 28, 2018; Reply Declaration submitted on February 1, 2019; Deposition on February 26, 2019.



**United States District Court, Central District of California,** *Kaylee Browning and Sarah Basile, on behalf of themselves and all others similarly situated, v. Unilever United States Inc.*, Case No. 8:16-cv-02210, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 22, 2018; Deposition on November 1, 2018; Reply Declaration submitted on November 23, 2018.

**United States District Court, Southern District of New York,** *Lori Canale, individually, and on behalf of all others similarly situated, v. Colgate-Palmolive Co.,* Case No. 7:16-CV-03308-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 19, 2018.

**Superior Court for the State of California, In and for the County of San Francisco,** *Michelle Gyorke-Takatri and Katie Silver on behalf of themselves and all others similarly situated, v. Nestlé USA, Inc. and Gerber Products Company,* Case No. CGC 15-546850, on behalf of Stanley Law Group, Declaration submitted on September 7, 2018.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc*., Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Declaration submitted on August 15, 2018; Deposition on October 12, 2018; Reply Declaration on December 21, 2018.

**Superior Court of the State of California, For The County of San Francisco,** *Deanna Gastelum and Heather Bryden individually and on behalf of all other persons similarly situated, v. Frontier California Inc.*, Case No. CGC-11-511467, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration submitted on July 31, 2018, Declaration submitted August 13, 2018.

**United States District Court, For the Southern District of New York,** *Suzanna Bowling, individually and on behalf of all others similarly situated, v. Johnson & Johnson and McNeil Nutritionals, LLC*, Case No. 1:17-cv-03982-AJN, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 30, 2018, Deposition on September 6, 2018; Reply Declaration submitted on November 16, 2018.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.*, Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 15, 2018; Deposition on August 28, 2018; Reply Declaration submitted on November 21, 2018; Declaration submitted on February 21, 2020; Reply Declaration submitted April 9, 2020.



**United States District Court, Northern District of California, San Francisco Division,** *In re: Chrysler-Dodge-Jeep EcoDiesel® Marketing, Sales Practices, and Products Liability Litigation Dorun Bali, et al., v. Fiat Chrysler Automobiles N.V., FCA US LLC, Sergio Marchionne, VM Motori S.p.A., VM North America, Inc., Robert Bosch GmbH, Robert Bosch LLC, and Volkmar Denner*, Case No. MDL 2777-EMC, on behalf of Lieff Cabraser Heimann & Bernstein, Declaration submitted on June 6, 2018, Deposition on July 18, 2018, Reply Declaration submitted on September 4, 2018.

**United States District Court, Northern District of California,** *Stephen Hadley, on behalf of himself, all others similarly situated, and the general public, v. Kellogg Sales Company*, Case No. 5:16-cv-04955-LHK-HRL, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted April 30, 2018, Deposition on May 31, 2018; Reply Declaration submitted June 25, 2018; Declaration submitted on September 20, 2018; Deposition on September 28, 2018; Declaration submitted on October 21, 2019.

**United States District Court, Northern District of Illinois, Eastern Division,** *Teresa Elward, Dennis Keesler, Leasa Brittenham, Kathy Beck and Nathaniel Beck, Angelia East, Sarah LaVergne, Tony And Lauren Fitzgerald, Gregory Gray, Bethany Williams, John McLaughlin, Stacy Cisco, and William Ferguson and Cheryl Ferguson, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.*, Case No. 1:15-cv-09882-JZL, on behalf of Greg Coleman Law, Declaration submitted April 20, 2018; Reply Declaration submitted on July 13, 2018; Deposition on August 17, 2018.

**United States District Court for the Northern District of California,** *Jackie Fitzhenry-Russell, an individual, on behalf of herself, the general public and those similarly situated v. The Coca Cola Company, and Does 1-50*, Case No. 5:17-CV-00603-EJD, on behalf of Gutride Safier, LLP, Declaration submitted April 16, 2018; Deposition on October 3, 2018.

**United States District Court for the Southern District of New York,** *Josephine James Edwards, individually and on behalf of all others similarly situated, v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT, on behalf of Bursor & Fisher, P.A., Declaration submitted April 16, 2018; Deposition on June 7, 2018.

**United States District Court, Northern District of California,** *Jackie Fitzhenry-Russell, Robin Dale, and Gegham Margaryan, as individuals, on behalf of themselves, the general public and those similarly situated, v. Dr. Pepper Snapple Group, Inc., Dr Pepper/Seven Up, Inc., and Does 1-50,* Case No. 5:17-cv-00564-NC (lead); Case No. 5:17-cv-02341-NC (consolidated); Case No. 5:17-cv-04435-NC (consolidated)*, on behalf of Gutride Safier, LLP, Declaration submitted April 9, 2018; Deposition on April 19, 2018; Reply Declaration submitted June 6, 2018; Supplemental Declaration submitted on November 19, 2018.



**United States District Court for the Western District of Texas, Austin Division,** *Sylvia Morris, on behalf of herself and all others similarly situated, v. Modernize Inc.*, Case No. 17:-cv-963-SS, on behalf of Bursor & Fisher, P.A., Declaration submitted March 13, 2018; Deposition on June 14, 2018.

**United States District Court, Northern District of California, San Jose Division,** *In re: Arris Cable Modem Consumer Litigation*, Case No. 17-cv-1834-LHK, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on March 9, 2018; Reply Declaration submitted April 9, 2018; Deposition on April 11, 2018; Declaration submitted June 13, 2018; Declaration submitted January 31, 2019; Deposition on February 14, 2019; Reply Declaration submitted on March 14, 2019.

**United States District Court, Southern District of New York,** *In re: Amla Litigation*, Case No. 1:16-cv-06593-JSR, on behalf of Levi & Korsinsky LLP, Declaration submitted on March 5, 2018; Declaration submitted November 14, 2018; Deposition on November 28, 2018.

**United States District Court, Eastern District of Michigan,** *Toby Schechner, Barbara Barnes, Laura Bliss, Kathleen Jordan, Kathryn Limpede, Louise Miljenovic, Candace Oliarny, Beverly Simmons, Richard Thome And Mary Ellen Thome, v. Whirlpool Corporation,* Case No. 16-cv-12409-SJM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted February 12, 2018; Deposition on May 15, 2018; Reply Declaration submitted May 17, 2018.

**United States District Court, Southern District of California,** *Jose Conde, et al., v. Sensa, et al.*, Case No. 14-cv-51 JLS (WVG), on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Declaration submitted February 21, 2019.

**United States District Court, Northern District Of Illinois, Eastern Division,** *Angel Bakov, Julie Herrera, and Kinaya Hewlett, individually and on behalf of all others similarly situated, v.Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, a Florida corporation,* Case No. 15-cv-02980-HDL SEC, on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Deposition on April 25, 2018.

**United States District Court, Northern District of Illinois,** *Jennifer Beardsall, Daniel Brown, Jennifer Carlsson, Deborah Cartnick, Amy Connor-Slaybaugh, Phyllis Czapski, Raelee Dallacqua, Autumn Dean, Skye Doucette, Christopher Draus, Gerald Gordon, Alexandra Groffsky, Emma Groffsky, Joyce Ivy, La Tanya James, Michelle Jessop, Joy Judge, Kathy Mellody, Susan Nazari, Megan Norsworthy, Deborah Ostrander, Martina Osley, Dana Phillips, Thomas Ramon, Jr., Nancy Reeves, Matthew Robertson, Shelley Waitzman, Jamilla Wang, and Amber Wimberly, Individually and on Behalf of All Others Similarly Situated, v. CVS Pharmacy, Inc., Target Corporation, Walgreen Co., Wal-Mart Stores, Inc., and Fruit of the Earth, Inc.*, Case No. 1:16-cv-06103, on behalf of Greg Coleman Law, Declaration submitted December 22, 2017; Reply Declaration on May 4, 2018.



**United States District Court, Southern District of New York,** *Jaish Markos, individually and on behalf of all others similarly situated, v. Russell Brands, LLC*, Case No. 16-CV-04362(CS), on behalf of The Sultzer Law Group, Declaration submitted on December 1, 2017, Deposition on January 4, 2018.

**United States District Court, Northern District of California,** *Siera Strumlauf, Benjamin Robles, and Brittany Crittenden, individually and on behalf of all others similarly situated,  v.  Starbucks Corporation,* Case No. 16-CV-01306-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 31, 2017, Deposition on December 13, 2017.

**United States District Court, Southern District of California,** *Sheila Dashnaw, William Meier, and Sherryl Jones, individually, and on behalf of all others similarly situated, v. New Balance Athletics, Inc., a corporation; and DOES 1 through 50, inclusive,* Case No. 3:17-cv-00159-L-JLB, on Behalf of The Wand Law Firm, Declaration submitted on September 8, 2017; Deposition on October 5, 2017; Rebuttal Declaration submitted December 11, 2017.

**United States District Court, Central District of California,** *Veronica Brenner, on behalf of herself and all others similarly situated, v. Procter & Gamble Co.*, Case No. 8:16-1093-JLS-JCG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 5, 2017; Deposition on October 10, 2016.

**United States District Court, Eastern District of California,** *Joann Martinelli, individually and on behalf of all others similarly situated, v. Johnson & Johnson And McNeil Nutritionals, LLC*, Case No. 2:15-cv-01733-MCE-DB, on behalf of Bursor & Fisher, P.A., Declaration submitted August 28, 2017, Deposition on December 20, 2017; Reply Declaration submitted on January 5, 2018.

**United States District Court, Northern District of California, San Francisco Division,** *Martin Schneider, Sarah Deigert, Laurie Reese, Theresa Gamage, Tiffanie Zangwill, and Nadia Parikka, Individually and on Behalf of All Others Similarly Situated, v. Chipotle Mexican Grill, Inc.*, Case No. 3:16-cv-02200-HSG, on behalf of Kaplan Fox & Kilsheimer LLP, Declaration submitted August 11, 2017; Deposition on September 22, 2017.

**United States District Court, Southern District of Ohio,** *Tom Kondash, on behalf of himself and all others similarly situated, v. Kia Motors America, Inc., and Kia Motors Corporation*, Case No. 1:15-cv-00506-SJD, on behalf of Gibbs Law Group, LLP, Declaration submitted July 10, 2017, Deposition on November 29, 2017; Supplemental Declaration submitted on September 23, 2019.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, v. NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc.*, Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Settlement Declaration submitted June 22, 2017; Declaration submitted on August 15, 2018; Deposition on October 12, 2018.



**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya And Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted May 30, 2017, Declaration submitted August 25, 2017, Declaration submitted on October 16, 2017; Declaration submitted on August 10, 2018; Declaration submitted on November 6, 2018; Declaration submitted on November 12, 2018; Deposition on December 11, 2018; Oral Testimony and Cross Examination May 7 - 8, 2019.

**United States District Court, Northern District of California,** *Vincent D. Mullins, et al., v. Premier Nutrition Corporation,* Case No. 13-cv-01271-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Reply Declaration submitted May 19, 2017; Deposition on July 20, 2017.

**United States District Court, Southern District of California,** *Preston Jones and Shirin Delalat, on behalf of themselves, all others similarly situated, and the general public, v. Nutiva Inc.*, Case No. 16-cv-00711 HSG, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted May 9, 2016; Deposition on August 23, 2017; Reply Declaration submitted January 12, 2018; Reply Declaration submitted March 2, 2018.

**United States District Court, Central District of California, Southern Division,** *Billy Glenn, Kathy Warburton, Kim Fama, and Corinne Kane, on behalf of themselves and all others similarly situated, v. Hyundai Motor America And Hyundai Motor Company*, Case No. 15-cv-02052-DOC-KES, on behalf of Gibbs Law Group, LLP, Declaration submitted May 1, 2017; Deposition on July 27, 2017; Reply Declaration submitted on October 2, 2017; Reply Declaration submitted on October 6, 2017; Declaration submitted on March 23, 2018.

**United States District Court, Southern District of California,** *Sherry Hunter, on behalf of herself, all others similarly situated, and the general public, v. Nature's Way Products, LLC, and Schwabe North America, Inc.,* Case No. 3:16-cv-00532-WQH-BLM, on behalf of Law offices of Jack Fitzgerald, PC, Declaration submitted March 24, 2017; Reply Declaration submitted May 26, 2017; Reply Declaration submitted on July 11, 2017.

**United States District Court, Southern District Of New York,** *Joanne Hart, and Sandra Bueno, on behalf of themselves and all others similarly situated, v. BHH, LLC d/b/a Bell + Howell and Van Hauser LLC*, Case No. 1:15-cv-04804-WHP, on behalf of Bursor & Fisher, P.A., Declaration submitted March 16, 2017; Deposition on January 10, 2018; Supplemental Declaration submitted January 30, 2018; Declaration submitted on March 2, 2018; Supplemental Declaration submitted on March 30, 2018; Supplemental Declaration submitted on November 26, 2018; Deposition on December 20, 2018.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Declaration submitted March 15, 2017; Deposition on April 26, 2017; Declaration submitted on September 13, 2019; Deposition on October 16, 2019.



**United States District Court, Northern District of California,** *James P. Brickman, individually and as a representative of all others similarly situated, v. Fitbit, Inc.*, Case No. 3:15-cv-02077-JD, on behalf of Dworken & Bernstein LPA, Declaration submitted February 28, 2017; Deposition on March 8, 2017.

**United States District Court, Northern District of California,** *Jamie Pettit, an individual, on behalf of herself, the general public and those similarly situated, v. Procter & Gamble Company; and Does 1 Through 50*, Case No. 15-cv-02150-RGS, on behalf of Gutride Safier LLP, Declaration submitted February 14, 2017; Deposition on March 3, 2017; Reply Declaration submitted May 11, 2017.

**United States District Court, Southern District of New York,** *Alan Gulkis, individually and on behalf of all others similarly situated, Zicam LLC and Matrixx Initiatives, Inc.*, Case No. 7:15-cv-09843-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 8, 2017; Deposition on July 14, 2017.

**United States District Court, Central District of California,** *Elisabeth Martin, on behalf of herself, all others similarly situated, and the general public, v. Monsanto Company*, Case No. 16-02168-JFW (SPx), on behalf of the Law Office of Jack Fitzgerald, PC, Declaration submitted February 6, 2017; Deposition on February 9, 2017; Reply Declaration on February 27, 2017.

**United States District Court, Southern District of New York,** *Walt Famular, on behalf of himself and all others similarly situated, v. Whirlpool Corporation*, Case No. 16-cv-00944, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2017, Deposition on August 15, 2017, Rebuttal Declaration on March 20, 2018.

**United States District Court, Central District of California,** *In re: 5-Hour Energy Marketing and Sales Practices Litigation*, Case No. 2:13-ml-02438 PSG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 26, 2016; Reply Declaration submitted October 14, 2016; Deposition on October 27, 2016; Declaration submitted on December 22, 2016; Rebuttal Declaration submitted on March 15, 2017.

**United States District Court, Southern District of Florida,** *Benjamin Hankinson, James Guerra, Jeanette Gandolfo, Lisa Palmer, Donald Anderson, Catherine Long, and Lisa Prihoda, individually and on behalf of others similarly situated, v. R.T.G. Furniture Corp., d/b/a Rooms to Go, RTG America, LLC, The Jeffrey Seaman 2009 Annuity Trust, RTG Furniture Corp. of Georgia, d/b/a Rooms to Go, Rooms to Go North Carolina Corp., d/b/a Rooms to Go, RTG Furniture of Texas, L.P., d/b/a Rooms to Go, RTG Texas Holdings, Inc., and R.T.G. Furniture Corp. of Texas*, Case No. 9:15-cv-81139-COHN/SELTZER, on behalf of Cohen Milstein, Declaration submitted September 1, 2016; Declaration submitted October 3, 2016; Deposition on November 4, 2016; Declaration submitted on January 5, 2017.



*Statement of Qualifications – Colin B. Weir*

**Circuit Court Of Cook County, Illinois County Department, Chancery Division,** *Amy Joseph, individually and on behalf of all others similarly situated, Benjamin Perez, individually and on behalf of all others similarly situated, Intervening Plaintiff, v. Monster Inc., a Delaware Corporation, and Best Buy Co., Inc., a Minnesota Corporation*, Case No. 2015 CH 13991, on behalf of Interveners, Declaration submitted August 8, 2016; Supplemental Declaration submitted January 22, 2018.

**United States District Court, Central District of California, Eastern Division,** *Jeff Looper, Michael Bright, Scott Johnson, individuals on behalf of themselves and all others similarly situated, v. FCA US LLC, f/k/a Chrysler Group LLC, a Delaware limited liability company, and DOES 1-100 inclusive*, Case No. 14-cv-00700-VAP-DTB, on behalf of Gibbs Law Group, LLP; Declaration submitted August 7, 2016; Deposition on September 29, 2016.

**United States District Court, Eastern District of California,** *Chad Herron, individually, on behalf of himself and all others similarly situation, v. Best Buy Stores, LP, a Virginia limited partnership*, Case No. 12-cv-02103-TLN-CKD, on behalf of Stonebarger Law, A Professional Corporation; Declaration submitted June 24, 2016; Deposition on July 29, 2016; Supplemental Declaration submitted September 8, 2016.

**United States District Court for the Southern District of Florida,** *Angela Sanchez-Knutson v. Ford Motor Company*, Case No. 14:61344-CIV DIMITROULEAS, on behalf of Kelley Uustal Trial Attorneys; Deposition on June 1, 2016.

**United States District Court, Central District of California,** *Jacqueline Dean, on behalf of herself and all others similarly situated, v. Colgate-Palmolive Co.*, Case No. 5:15-cv-00107, on behalf of Bursor & Fisher, P.A.; Declaration submitted April 29, 2016; Deposition on July 13, 2016; Reply Declaration submitted on May 2, 2017; Declaration submitted on October 2, 2016; Reply Declaration submitted on December 14, 2017.

**United States District Court, District of New Jersey,** *In re: AZEK Decking Marketing & Sales Practices Litigation*, Case No. 12-cv-06627-MCA-MAH, on behalf of Seeger Weiss, LLP; Declaration submitted February 26, 2016; Declaration submitted May 16, 2016; Deposition on July 6, 2016; Reply Declaration submitted August 29, 2016.

**United States District Court. Northern District of California,** *In re: Nest Labs Litigation*, Case No. 5:14-cv-01363-BLF, on behalf of Bursor & Fisher, P.A.; Declaration submitted on January 22, 2016; Deposition on March 2, 2016; Reply Declaration submitted on June 3, 2016.

**United States District Court, Northern District of California,** *Rohini Kumar, an individual, on behalf of herself, the general public and those similarly situated, v. Salov North America Corp.; And Italfoods, Inc.*, Case No. 4:14-cv-02411-YGR, on behalf of Gutride Safier LLP; Declaration submitted on January 19, 2016; Deposition on February 24, 2016; Reply Declaration submitted on May 10, 2016; Declaration submitted on April 11, 2017, Declaration submitted on May 16, 2017.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of Ohio, Eastern Division,** *Christopher Meta, On Behalf Of Himself And All Others Similarly Situated v. Target Corporation, et al.*, Case No. 4:14-0832-DCN, on behalf of Tycko & Zavareei, LLP, Declaration submitted January 6, 2016; Deposition on March 15, 2016; Reply Declaration submitted on March 18, 2016.

**United States District Court, District of New Jersey,** *Charlene Dzielak, Shelley Baker, Francis Angelone, Brian Maxwell, Jeffery Reid, Kari Parsons, Charles Beyer, Jonathan Cohen, Jennifer Schramm, and Aspasia Christy on behalf of themselves and all others similarly situated, v. Whirlpool Corporation, Lowe's Home Center, Sears Holdings Corporation, The Home Depot, Inc., Fry's Electronics, Inc., And Appliance Recycling Centers Of America, Inc.,* Case No. 12-cv-0089-KM-JBC, on behalf of Bursor & Fisher, P.A., Declaration submitted December 28, 2015; Deposition on April 22, 2016; Rebuttal Declaration submitted June 10, 2016; Responding Declaration submitted July 6, 2018; Rebuttal Declaration submitted on August 10, 2018.

**United States District Court, District of New Jersey,** *In re: Tropicana Orange Juice Marketing and Sales Practices Litigation,* Case No. 12-cv-7382-WJM-JBC, on behalf of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC.; Declaration submitted on November 6, 2015; Deposition on January 28, 2016.

**United States District Court, Northern District of California**, *Scott Koller, an individual, on behalf of himself, the general public and those similarly situated v. Deoleo USA, Inc. and Med Foods, Inc.*, Case No. 3:14-cv-02400-RS, on behalf of Gutride Safier LLP; Declaration submitted on October 29, 2015; Deposition on December 21, 2015; Reply Declaration submitted on April 3, 2017.

**United States District Court, Eastern District Of New York,** *Patrick Hughes and Nafisé Nina Hodjat, individually and on behalf of others similarly situated, v. The Ester C Company; NBTY, Inc.; and Naturesmart, LLC*, Case No. 12-cv-00041-JFB-ETB, on behalf of Reese LLP and WhatleyKallas LLP; Declaration submitted October 22, 2015; Deposition on December 1, 2015; Reply Declaration submitted on January 28, 2016; Surrebuttal Declaration submitted on April 20, 2016; oral testimony and cross examination on September 20, 2016.

**United States District Court, District Of Connecticut,** *Glen Grayson, and Doreen Mazzanti, individually and on behalf of themselves and all others similarly situated, v. General Electric Company*, Case No. 3:13-cv-01799-WWE, on behalf of Izard Nobel LLP; Declaration submitted October 15, 2015; Deposition on November 17, 2015; Rebuttal Declaration submitted March 23, 2016.

**United States District Court, District of New Jersey,** *Lynne Avram, on behalf of herself and all others similarly situated, v. Samsung Electronics America Inc., and Lowe's Home Centers, Inc.*, Case No. 11-cv-6973-KM-MCA, on behalf of Faruqi & Faruqi LLP; Declaration filed July 15, 2015; Deposition September 29, 2015.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, District of Connecticut,** *Heidi Langan, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies, Inc.*, Case No. 3:13-cv-01471-RNC, on behalf of Izard Nobel LLP; Declaration filed June 23, 2015; Deposition on July 21, 2015; Reply Declaration filed October 15, 2015.

**United States District Court, Eastern District of California,** *Yesenia Melgar, on behalf of herself and all others similarly situated, v. Zicam LLC, and Matrixx Initiatives, Inc.*, Case No. 2:14-cv-00160-MCE-AC, on behalf of Bursor & Fisher, PA; Declaration filed June 8, 2015.

**United States District Court, Central District of California, Eastern Division-Riverside** *Michael J. Otto, individually, and on behalf of other members of the general public similarly situated, v. Abbott Laboratories, Inc.*, Case No. 12-01411-SVW(DTBx), on behalf of Baron & Budd; Declaration filed May 25, 2015; Deposition on June 2, 2015; Supplemental Declaration filed July 6, 2015.

**United States District Court, Central District of California,** *Russell Minoru Ono, individually and on behalf of others similarly situated, v. Head Racquet Sports USA, a corp. and Head USA Inc.*, Case No. 13-04222-FMO, on behalf of Baron & Budd; Declaration filed April 24, 2015, Deposition on June 30, 2015; Reply Declaration filed July 2, 2015.

**United States District Court, Southern District of Florida,** *Vanessa Lombardo, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies and Neutrogena Corporation*, Case No. 13-60536-SCOLA, on behalf of Morgan & Morgan; Declaration filed March 31, 2015.

**United States District Court, Eastern District of New York,** *D. Joseph Kurtz, individually and on behalf all others similarly situated, v. Kimberly-Clark Corporation and Costco Corporation*, Case No. 14-01142-JBW, on behalf of Robbins Geller Rudman & Dowd LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed March 27, 2015; Supplemental Declaration submitted on July 9, 2019; Supplemental Declaration submitted on July 12, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Eastern District of New York,** *Anthony Belfiore, on behalf of himself and all others similarly situated, v. Procter & Gamble*, Case No. 14-04090-JBR, on behalf of Wolf Popper LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed April 30, 2015; Supplemental Declaration submitted on July 9, 2019; Deposition on July 26, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Northern District of California,** *Patrick Hendricks, individually and on behalf of all others similarly situated, v. StarKist Co.*, Case No. 13-0729-YGR, on behalf of Bursor & Fisher, PA; Declaration filed January 20, 2015; Deposition on February 10, 2015; Reply Declaration filed April 7, 2015.



**United States District Court, Northern District of California, San Francisco Division,** *Scott Miller and Steve Leyton, individually and on behalf themselves, the general public and those similarly situated v. Ghirardelli Chocolate Company*, Case No. 12-04936-LB, on behalf of Gutride Safier LLP, Declaration filed January 8, 2015; Reply Declaration filed February 5, 2015.

**United States Bankruptcy Court, Eastern District of New York,** *In re: Kangadis Food Inc., d/b/a The Gourmet Factory, Debtor*, Case No. 14-72649-REG, on behalf of Bursor & Fisher, PA; Declaration filed August 5th, 2014; Oral testimony on November 24, 2014.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Family Management LLC, Aristidia Kangadis a/k/a "Mr. Aris," Andromahi Kangadis a/k/a "Mrs. Mahi," and Themis Kangadis*, Case No. 14-cv-1324-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 5, 2014; Deposition on October 9, 2014.

**United States District Court, Northern District of California, San Francisco Division,** *Erin Allen, on behalf of herself and all others similarly situated, v. Con Agra Foods, Inc.*, Case No. 13-cv-01279-VC, on behalf of Hagens Berman Sobol Shapiro LLP and The Eureka Law Firm; Declaration submitted August 11, 2014; Deposition on September 30, 2014; Declaration submitted July 9, 2018; Deposition on March 7, 2019; Reply Declaration submitted on May 22, 2019. Declaration submitted on February 28, 2020.

**United States District Court, Eastern District of California,** *Kyle Dei Rossi and Mark Linthicum, on behalf of themselves and those similarly situated, v. Whirlpool Corporation*, Case No. 12-cv-00125-TLN-CKD, on behalf of Bursor & Fisher, P.A.; Declaration filed July 31, 2014, Deposition on August 20, 2014.

**United States District Court, Northern District of Illinois, Eastern Division,** *In re: Southwest Airlines Voucher Litigation.*, Case No. 11-cv-8176, Hon. Matthew Kennelly, on behalf of Siprut PC; Declaration filed June 4, 2014; Oral testimony and cross examination on June 16, 2014.

**United States District Court, Central District of California, Western Division,** *In re: ConAgra Foods, Inc.*, Case No. 11-cv-05379-MMM, MDL No. 2291, on behalf of Milberg LLP and Grant & Eisenhofer, P.A.; Declaration filed May 5, 2014; Deposition on May 23, 2014; Declaration filed June 30, 2014; Declaration filed September 8, 2014; Deposition on September 16, 2014, Declaration filed October 27, 2014; Declaration submitted on March 8, 2019.

**United States District Court, Southern District of New York,** *In re: Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB, on behalf of Bursor & Fisher, PA; Declaration filed March 31, 2014; Deposition on May 21, 2014; Declaration filed on January 8, 2016; Deposition on February 10, 2016; Reply Declaration submitted June 30, 2016; Declaration submitted September 1, 2016; Declaration submitted on October 20, 2016.



**United States District Court, Central District of California,** *Julie Fagan, Michael Fagan, Melissa Pennalatore, Amy Sapeika and Shelley Trinchero, individually and on behalf of all others similarly situated v. Neutrogena Corporation*, Case No. 13-cv-01316-SVW, on behalf of Izard Nobel LLP; Declaration filed March 21, 2014; Deposition on April 3, 2014; Supplemental Declaration filed August 4, 2014; Deposition on August 13, 2014; Declaration filed September 9, 2014.

**United States District Court, Central District of California,** *Enzo Forcellati and Lisa Roemmich, individually and on behalf of all others similarly situated v. Hyland's Inc., Standard Homeopathic Laboratories, Inc. and Standard Homeopathic Company*, Case No. 12-cv-01983-GHK, on behalf of Faruqi and Faruqi; Declaration filed December 13, 2013; Deposition on February 27, 2014.

**United States District Court, Southern District of Florida,** *Adam Karhu, on behalf of himself and all others similarly situated, v. Vital Pharmaceuticals, Inc., d/b/a VPX Sports*, Case No. 13-cv-60768-JIC, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed December 13, 2013; Declaration filed January 6, 2014; Declaration filed March 31, 2014.

**Trial Court of Massachusetts, District of Edgartown,** *Schepici v. JetBlue Airways Corp.,* on behalf of plaintiff; Mediation on December 4, 2013.

**Superior Court of California, County of Alameda,** *In re: Cellphone Termination Fee Cases, Ramzy Ayyad, et al, v. Sprint Spectrum, L.P.,* JCCP No. 4332, Case No. RG03-121510, on behalf of the Executive Committee; Declaration filed September 18, 2013.

**United States District Court, Northern District of California,** *Maria Torres, Gabriel Rojas, and Ian Kerner, individually and on behalf of all others similarly situated v. JC Penney Corporation, Inc.; and JC Penney Company, Inc.,*, Case No. cv-12-01105-RS, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration filed September 13, 2013; Deposition on October 2, 2013.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Foods Inc*, Case No. 13-cv-02311-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 26, 2013; Deposition on October 21, 2013.

**United States District Court, Northern District of California,** *Desiree Moore, on behalf of themselves, the general public, and all those similarly situated, v. Verizon Communications*, Case No. 4:09-cv-01823-SBA, on behalf of David Schachman and Associates PC, Jacobs Kolton Chtd., and Keller Grover, LLP; Declaration filed June 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on March 1, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 20, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 19, 2013.



**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 13, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 7, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 4, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on January 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 12, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 10, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on November 28, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declarations filed October 4, 2012 and November 5, 2012; Oral testimony and cross examination on November 27, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declaration filed April 16, 2012; Oral testimony and cross examination on May 11, 2012.

**United States District Court, District of Massachusetts,** *Marcy Cruz v. Justin Kagan, Arthur Hegarty, Ronald Teachman, and the City of New Bedford*, Case No. 1:09-cv-11793-RGS, on behalf of Marcy Cruz, Expert Report filed February 28, 2011; Oral testimony and cross examination on December 1, 2011.

**United States District Court, Southern District of New York,** *Bursor & Fisher P.A., v. Federal Communications Commission*, Case No. 1:11-cv-05457-LAK, on behalf of Bursor & Fisher P.A., Declaration filed August 17, 2011.

**United States District Court, District of New Jersey,** *In Re: Sprint Premium Data Plan Marketing and Sales Practices Litigation,* Master Case No. 10-6334 (SDW) MDL No. 2228, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed August 11, 2011.

**United States District Court, Northern District of California,** *Patrick Hendricks, on behalf of himself and all others similarly situated, v. AT&T Mobility LLC,* Case No. C11-00409, on behalf of Bursor & Fisher, P.A., Declaration filed August 7, 2011.

**Federal Communications Commission,** *In the Matter of Applications of AT&T Inc. & Deutsche Telekom AG for Consent to Assign or Transfer Control of Licenses and Authorizations*, WT Docket No. 11-65, on behalf of Butch Watson, Declaration filed June 20, 2011.



**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. O1 Communication, Inc. (U 6065 C), Defendant*, Case No. C.08-03-001, on behalf of the O1 Communications, Inc., Reply Testimony filed November 6, 2009; Oral testimony and cross examination on November 16, 2009.

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Oral testimony and cross examination on November 9, 2009.

**United States District Court, District of New Jersey,** *Judy Larson, Barry Hall, Joe Milliron, Tessie Robb, and Willie Davis, individually and on behalf of all others similarly situated, v. AT&T Mobility LLC f/k/a Cingular Wireless LLC and Sprint Nextel Corporation and Sprint Spectrum L.P. d/b/a Sprint Nextel and Nextel Finance Company, Civ. Act. No. 07-5325 (JLL),* on behalf of PinilisHalpern, LLP and Law Offices of Scott A. Bursor, Declaration filed *under seal* October 19, 2009.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. Pac-West Telecomm, Inc. (U 5266 C), Defendant*, Case No. C.08-09-017, on behalf of the Pac-West Telecomm, Inc., Rebuttal Testimony filed May 1, 2009.

**Illinois Commerce Commission,** Illinois Bell Telephone Company Annual Rate Filing for Non-Competitive Services Under an Alternative Form of Regulation, Ill. C. C. Docket No. 08-0249, on behalf of the People of the State of Illinois, Declaration filed May 2, 2008.

**Federal Communications Commission,** Qwest Petition for Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of AT&T Inc, For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of BellSouth Corporation For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of the Embarq Local Operating Companies for Forbearance Under 47 U.S.C. §160(c) From Application of *Computer Inquiry* and certain Title II Common Carriage Requirements; WC Docket Nos. 06-125 and 06-147, on behalf of the AdHoc Telecommunications Users Committee, Declaration filed October 9, 2007.

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Declaration filed January 5, 2007; Deposition on November 13, 2007; Oral testimony and cross-examination on December 19, 2007; Oral testimony on January 9, 2008.

Mr. Weir has served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional publications and testimony at the state, federal, and international levels.

19


ECONOMICS AND TECHNOLOGY, INC.

# Exhibit 2

# Exemplar Survey Questions

Which of the following food products have you purchased in the last three months?

- ☐ Soft Drinks
- ☐ Chips or Snacks
- ☐ Snack or Breakfast Bars
- ☐ Juice
- ☐ Cereal
- ☐ Sports Drinks
- ☐ Fresh Produce
- ☐ Candy
- ☐ Don't know/Unsure

Next

0% ▬▬▬▬▬▬▬▬▬ 100%

You previously indicated that you purchased cereal and snack/breakfast bars in the last three months. What cereal and snack/breakfast bars did you purchase? *(Select all that apply)*

☐ General Mills Chex      ☐ Kellogg's Crunchy Nut      ☐ Post Fruity Pebbles

☐ General Mills Cinnamon Toast Crunch      ☐ Kellogg's Frosted Mini Wheats      ☐ Post Great Grains

☐ General Mills Honey Nut Cheerios      ☐ Kellogg's Fruit Loops      ☐ Post Honey Bunches of Oats

☐ General Mills Fiber One      ☐ Kellogg's Krave      ☐ Post Honeycomb

☐ General Mills Lucky Charms      ☐ Kellogg's Raisin Bran      ☐ Post Raisin Bran

☐ General Mills Wheaties      ☐ Kellogg's Smart Start      ☐ Post Shredded Wheat

☐ General Mills Nature Valley Bars      ☐ Kashi Chewy Granola Bars

☐ General Mills Fiber One Bars      ☐ Quaker Chewy Granola Bars

☐ Kellogg's Nutri-Grain Bars      ☐ Quaker Soft Baked Bars

☐ Kellogg's Special K Protein Bars

☐ Other      ☐ Don't know/Unsure

Next

0% ▓▓▓▓▓▓▓▓▓▓▓▓ 100%

Under the proposed rebate program, you would be eligible for a rebate. You must choose between either a Voucher Rebate or a Cash Rebate.

Vouchers expire 120 days (four months) after issue and are transferable (you can sell or give a Voucher away). They must be used in a single transaction (any unused value is forfeited). Subject to these terms, Vouchers may be used like cash for any of the following Kellogg's products (pictured below):

(a) **Kellogg's Variety 10-Pak** (Includes Corn Flakes, Frosted Flakes, Frosted Mini-Wheats Originals, Raisin Bran, Froot Loops, Corn Pops, Rice Krispies, and Special K)

(b) **Kellogg's Fun 8-Pak** (Includes Frosted Flakes, Apple Jacks, Froot Loops, Corn Pops, and Cocoa Krispies)

(c) **Raisin Bran** (all five varieties)

(d) **Smart Start**

(e) **All Bran** (all three varieties)

(f) **Crispix**

(g) **Mueslix**





    

  

  

Do you understand that you will get to choose between a Voucher Rebate or a Cash Rebate?

○ Yes.
○ No.

Next

0% ▬▬▬▬▬▬▬▬▬ 100%

**Based on your purchase history, under the proposed rebate program, you would qualify for a Voucher Rebate of $5.00 or Cash Rebate of $2.50.**

**If you were given the option would you take the:**

○ Voucher Rebate
○ Cash Rebate

[ Next ]

0% ▃▃▃▃▃▃▃▃ 100%

Based on your purchase history, under the proposed rebate program, you would qualify for an initial Voucher Rebate offer of $5.00 or initial Cash Rebate offer of $2.50.

**These are <u>initial offers</u> only. The amount of the Voucher Rebate or Cash Rebate you receive under the program is subject to change. The proportion of Voucher-to-Cash value distributed to participants under the program is also subject to change. Before making your selection please carefully consider that:**

- All participants must choose either a Voucher Rebate or a Cash Rebate.

- The *amount* of Voucher or Cash Rebate you actually receive may be lower or higher than the initial offer, depending on how many people participate in this program, and how many choose each option.

- The *proportion* of Voucher-to-Cash value distrubted under the program also depends on how many people participate in this program, and how many choose each option.

- If too many participants choose Vouchers, the value of the Vouchers distributed may be less than twice the value of the Cash distributed, whereas if too many participants choose Cash, the value of the Vouchers may be more than twice the value of the Cash.

Knowing that the **<u>initial amounts offered may change</u>** based upon the **<u>number of participants in the program</u>** and **<u>how many people choose each option</u>** would you take the:

◯ Voucher Rebate
◯ Cash Rebate

Next

0% █████████████████░░░░░░░░ 100%

Based on your purchase history, under the proposed rebate program, you would qualify for an initial Voucher Rebate offer of $5.00 or initial Cash Rebate offer of $2.50.

**These are <u>initial offers</u> only. The amount of the Voucher Rebate or Cash Rebate you receive under the program is subject to change. The proportion of Voucher-to-Cash value distributed to participants under the program is also subject to change. Before making your selection please carefully consider that:**

- All participants must choose either a Voucher Rebate or a Cash Rebate.

- The *amount* of Voucher or Cash Rebate you actually receive may be lower or higher than the initial offer, depending on how many people participate in this program, and how many choose each option.

- The *proportion* of Voucher-to-Cash value distrubted under the program also depends on how many people participate in this program, and how many choose each option.

- If too many participants choose Vouchers, the value of the Vouchers distributed may be less than twice the value of the Cash distributed, whereas if too many participants choose Cash, the value of the Vouchers may be more than twice the value of the Cash.

- In a recent survey about this rebate program, approximately 80% of participants chose a Voucher Rebate.

Knowing that the **<u>initial amounts offered may change</u>** based upon the **<u>number of participants in the program</u>** and **<u>how many people choose each option</u>** would you take the:

○ Voucher Rebate
○ Cash Rebate

Next



0% ▬▬▬▬▬▬▬ 100%

Based on your purchase history, under the proposed rebate program, you would qualify for an initial Voucher Rebate offer of $5.00 or initial Cash Rebate offer of $2.50.

**These are <u>initial offers</u> only. The amount of the Voucher Rebate or Cash Rebate you receive under the program is subject to change. The proportion of Voucher-to-Cash value distributed to participants under the program is also subject to change. Before making your selection please carefully consider that:**

- All participants must choose either a Voucher Rebate or a Cash Rebate.

- The *amount* of Voucher or Cash Rebate you actually receive may be lower or higher than the initial offer, depending on how many people participate in this program, and how many choose each option.

- The *proportion* of Voucher-to-Cash value distrubted under the program also depends on how many people participate in this program, and how many choose each option.

- If too many participants choose Vouchers, the value of the Vouchers distributed may be less than twice the value of the Cash distributed, whereas if too many participants choose Cash, the value of the Vouchers may be more than twice the value of the Cash.

- In a recent survey about this rebate program, approximately 80% of participants chose a Voucher Rebate. This resulted in the available **<u>Voucher Rebate being worth substantially less than the available Cash Rebate.</u>**

Knowing that the **<u>initial amounts offered may change</u>** based upon the **<u>number of participants in the program</u>** and **<u>how many people choose each option</u>** would you take the:

○ Voucher Rebate
○ Cash Rebate

[ Next ]

0% ████████████──── 100%

Great job! You are almost finished.

Please indicate below whether you believe the following statements are true or false. It is important that you read the next few questions carefully.

**1.** The amount of Voucher or Cash Rebate you actually receive may be different than the amount you were initially offered.

○ True
○ False

**2.** It is possible that the value of the Voucher Rebate distributed will be less than twice the value of the Cash Rebate distributed.

○ True
○ False

**3.** It is possible that the value of the Voucher Rebate distributed will be more than twice the value of the Cash Rebate distributed.

○ True
○ False

**4.** The amount of Voucher or Cash Rebate you actually receive will be exactly what you were initially offered, regardless of how many people participate in this program.

○ True
○ False

[ Next ]

0% ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ 100%

Which of the following statements is true about the program?

The amount of Voucher or Cash Rebate you will actually receive depends on:

○ How many people participate in this program.
○ Where you grew up.
○ Your profession.
○ The amount will not differ from the initial offer.

[ Next ]

0% ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 100%

Which of the following statements is true about the program?

The proportion of Voucher-to-Cash value that participants will actually receive depends on:

○ How many participants choose each option, Vouchers or Cash.
○ What season it is.
○ What the participant does for a hobby.
○ The Voucher Rebate will be worth twice the value of the Cash Rebate no matter what.

[ Next ]

0% ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 100%