1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

9
10

STEPHEN HADLEY, MELODY DIGREGORIO, ERIC FISHON, KERRY AUSTIN, and NAFEESHA MADYUN on behalf of themselves, all others similarly situated, and the general public,

Plaintiff,

v.

KELLOGG SALES COMPANY,

Defendant.

Case No. 5:16-cv-04955-LHK-HRL

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND RENEWED MOTION FOR PRELIMINARY APPROVAL**

Judge: Hon. Lucy H. Koh

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, the above-entitled action is pending before this Court (the "Action");

2    WHEREAS, on July 20, 2020, Plaintiffs Stephen Hadley, Melody Digregorio, Eric Fishon, Kerry

3    Austin, and Nafeesha Madyun moved the Court for an Order enforcing the parties' October 21, 2019

4    Settlement Agreement, attached as Exhibit A to the October 21, 2019 Declaration of Jack Fitzgerald, Dkt.

5    No. 325-1 ("Settlement Agreement"), which sets forth terms for a proposed nationwide class settlement of

6    this Action (the "Settlement");

7    WHEREAS, on July 20, 2020, Plaintiffs also moved the Court for an Order, pursuant to Federal

8    Rule of Civil Procedure 23(e), preliminarily approving the Settlement;

9    WHEREAS, the Court, has read and considered the Settlement Agreement and Plaintiffs' Motions,

10   as well as all material submitted by the Parties in support of and in opposition to the Motions; and

11   **NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:**

12   1.    The Court has jurisdiction over the subject matter of the Action and over all Parties to the

13   Action, including all Members of the Settlement Class.[1]

14   2.    The Settlement Agreement is valid, binding, and enforceable. The Court's February 20, 2020

15   Order denying without prejudice Plaintiffs' Motion for Preliminary Approval, Dkt. No. 339, did not void or

16   otherwise render the Settlement Agreement unenforceable.

17   3.    The Court finds on a preliminary basis that the Settlement falls within the range of

18   reasonableness. Therefore, the Court preliminarily approves the Settlement Agreement and the Settlement

19   set forth therein, as likely fair, reasonable, and adequate to the Class.

20   4.    The Court conditionally certifies, for settlement purposes only, a Settlement Class defined

21   as all persons in the United States who, between August 29, 2012 and October 21, 2019 (the "Class Period"),

22   purchased in the United States, for household use and not for resale or distribution, any of the Class Products

23   identified in Appendix 1 to the Settlement Agreement.

24   5.    The Court finds, for settlement purposes only, that class certification under Federal Rule of

25   Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members

26   are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of

27

28

---

[1] Capitalized terms herein that are defined in the Settlement Agreement have the same meaning set forth therein.

1    law and fact common to the Settlement Class which predominate over any individual questions; (c) the

2    claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class

3    Representatives and Class Counsel will fairly and adequately represent and protect the interests of the

4    Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members

5    predominate over any questions affecting only individual the Settlement Class Members; and (f) a class

6    action is superior to other available methods for the fair and efficient adjudication of the controversy.

7        6.    The Court appoints Plaintiffs Stephen Hadley, Melody Digregorio, Eric Fishon, Kerry

8    Austin, and Nafeesha Madyun as Class Representatives.

9        7.    The Court appoints The Law Office of Jack Fitzgerald, PC, and Jackson and Foster, LLP as

10   Class Counsel.

11       8.    The Court finds that, subject to the Final Approval hearing, the proposed Settlement is fair,

12   reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the

13   Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief

14   to the Settlement Class. The Court also finds that the Settlement: (a) is the result of serious, informed, non-

15   collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues

16   of this case and made with the assistance and mediation services of Mark Petersen and the Hon. James F.

17   Holderman (Ret.); and (b) meets all applicable requirements of law, including Federal Rule of Civil

18   Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

19       9.    The Court hereby approves Postlethwaite & Netterville, APAC ("P&N") to act as Class

20   Administrator, and approves the form and content of the Class Notice in the Long- and Short- Forms

21   attached to the July 20, 2020 Omnibus Declaration of Jack Fitzgerald as Exhibits 43 & 44.

22       10.   The Court finds that dissemination of the Class Notice as proposed in the P&N Notice Plan

23   as set forth in the July 20, 2020 Declaration of Brandon Schwartz meets the requirements of Federal Rule

24   of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the

25   circumstances. Accordingly, the Court hereby approves the Notice Plan.

26       11.   The Court orders that any Settlement Class Member may opt out of the Settlement by

27   submitting directly through the Settlement Website or mailing to the Class Administrator on or before the

28

Opt-Out Deadline, an Opt-Out Form substantially in the form attached to the July 20, 2020 Omnibus Declaration of Jack Fitzgerald as Exhibit 45.

12.     The Court orders that any Settlement Class Member may submit an Objection either by, on or before the Objection Deadline, filing the Objection with the Court or mailing the Objection to the Class Administrator, who shall provide any such Objections to Plaintiffs' counsel, who in turn shall file with the Court, within one day after the Objection Deadline, any such Objections, or any other Objections received directly from a Settlement Class Member. Any such Objection must contain (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) information sufficient to identify and contact the objecting Class Member or his or her attorney if represented, and (iii) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection. Class Members may object either on their own or through an attorney, but a Class Member represented by an attorney must sign either the Objection itself, or execute a separate declaration stating that the Class Member authorizes the filing of the Objection. If a Class Member submits both an Opt-Out Form and Objection, the Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Class Member who has not timely submitted a completed Opt-Out Form will be bound by the terms of the Agreement upon the Court's final approval of the Settlement.

13.     The Court adopts the following schedule for Class Notice, claims, opting out, objecting, and final approval (with Day "0" the date of this Order).

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date Court grants preliminary approval | 0 | - |
| Deadline to commence 60-day notice period | 14 | 2 weeks |
| Notice completion date, and deadline to make a claim or opt out | 74 | 8 weeks |
| Deadline for plaintiffs to file Motions for Final Approval, Attorneys' Fees *if based on Lodestar Method*, and Incentive Awards | 88 | 10 weeks |
| Deadline for objections | 139 | 15 weeks |
| Deadline for replies to objections | 146 | 16 weeks |

*Hadley v. Kellogg Sales Company*, No. 16-cv-4955-LHK-HRL
ORDER GRANTING PRELIMINARY APPROVAL

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Final Approval Hearing | 160 | 19 weeks |
| Deadline for plaintiffs to file Motion for Attorneys' Fees *if based on Common Fund Method* | 335 | 44 weeks |

14.     A Final Approval Hearing is scheduled for _____, for the Court to determine whether the proposed Settlement of the Action on the terms in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court, including as to any application by the Class Representatives for service awards, which shall be filed together with Plaintiffs' Motion for Final Approval.

15.     **[ALTERNATIVE 1]:** Class Counsel shall submit, together with a Motion for Final Approval, a Motion for Attorneys' Fees and Costs, using the lodestar method.

15.     **[ALTERNATIVE 2]:** Class Counsel shall submit, six months after an Order granting Final Approval, a Motion for Attorneys' Fees and Costs, using the common fund method based on the gross settlement amount, that is, the Cash Fund plus the value of Vouchers redeemed by Class Members. To this end, Kellogg shall, within one month after expiration of the Vouchers, calculate and report to Class Counsel the value of the Vouchers redeemed by the Class.

16.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be ordered or agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

17.     All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

18.     By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant.

1      19.    The Court retains jurisdiction over the Action to consider all further matters arising out of or

2  connected with the Settlement Agreement and the settlement described therein.

3

4  **IT IS SO ORDERED.**

5

6  Dated: _____, 2020                    _____

7                                                   Hon. Lucy H. Koh
                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hadley v. Kellogg Sales Company*, No. 16-cv-4955-LHK-HRL
ORDER GRANTING PRELIMINARY APPROVAL