UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN HADLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KELLOGG SALES COMPANY,<br><br>    Defendant. | Case No. 16-CV-04955-LHK<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 377 |

On June 10, 2021, a hearing was held on Plaintiffs' instant motion for preliminary approval of class action settlement. ECF No. 377. The instant motion is Plaintiffs' first motion for preliminary approval of the parties' *second* Settlement Agreement, ECF No. 378-1 (operative Settlement Agreement dated March 9, 2021).

Previously, Plaintiffs filed three motions as to the first settlement agreement: two motions for preliminary approval, ECF Nos. 325, 347; and a motion for settlement enforcement, ECF No. 346. The Court denied those motions and directed the parties to cure defects in the notice forms and settlement. *See, e.g.*, ECF Nos. 339 (denying first motion for preliminary approval), 361 (denying second motion). The instant motion shows that the parties have cured the defects.

Accordingly, having considered all the briefing, the arguments of counsel, the relevant law,

and the record in this case, the Court GRANTS the parties' instant motion for preliminary approval.

Moreover, the Court schedules the hearing on final approval of the parties' proposed class action settlement ("Final Approval Hearing") on November 18, 2021, at 1:30 p.m.

1. <u>Settlement Terms</u>. All capitalized terms herein have the same meanings ascribed to them in the Settlement Agreement, ECF No. 378-1 (hereafter, "Settlement Agreement").

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3. <u>Preliminary Approval of Settlement Agreement</u>. The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and mediation services of Mark Petersen, Hon. James F. Holderman (Ret.), and United States Magistrate Judge Nathanael Cousins; and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval of the class action settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court conditionally certifies, for settlement purposes only, a Settlement Class defined as all persons who, between August 29, 2012 and May 1, 2020 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products which include the following:

    a. Kellogg's Original Raisin Bran and Kellogg's Raisin Bran Crunch cereals in a package stating "heart healthy."

    b. Kellogg's Smart Start Original Antioxidants cereal in package stating "heart healthy" and/or "lightly sweetened."

2

        c.      Kellogg's Frosted Mini-Wheats Bite Size (Original, Maple Brown Sugar, Strawberry, or Blueberry varieties), Big Bites (Original variety), Little Bites (Chocolate or Cinnamon Roll varieties), or Touch of Fruit in the Middle (Mixed Berry and Raspberry varieties) cereals in a package stating "heart healthy."

5.      The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      <u>Class Representatives</u>. The Court appoints Plaintiffs Stephen Hadley, Melody DiGregorio, Eric Fishon, Kerry Austin, and Nafeesha Madyun as Class Representatives.

7.      <u>Class Counsel</u>. The Court appoints The Law Office of Jack Fitzgerald, PC and Jackson and Foster, LLC as Class Counsel.

8.      <u>Settlement Class Administrator</u>. The Court hereby approves Postlethwaite & Netterville ("P&N") to act as Class Administrator. P&N shall be required to perform all the duties of the Class Administrator as set forth in the Agreement and this Order.

9.      <u>Class Notice</u>.  The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1, the short form attached to the Settlement Agreement as Exhibit 2, and the other forms of notice submitted with Plaintiffs' Motion for Preliminary Approval. The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in P&N's Notice Plan as set forth in the March 10,

3

2021 Declaration of Brandon Schwartz meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice Plan.

10. <u>Objection and Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline of September 7, 2021. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

11. <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and submit the Request for Exclusion online at the Settlement Website by the Exclusion Deadline, or send a compliant request to the Class Administrator at the address designated in the Class Notice, postmarked by the Exclusion Deadline. No Request for Exclusion may be made on behalf of a group of Settlement Class Members.

12. All Settlement Class Members who submit a timely, valid Request for Exclusion will be excluded from the Settlement and will not be bound by the terms of the Settlement Agreement and any determinations and judgments concerning it. All Settlement Class Members who do not submit a valid Request for Exclusion by September 7, 2021 in accordance with the terms set forth in the Settlement Agreement, will be bound by all determinations and judgments concerning the Settlement Agreement.

13. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members should follow the directions in the Notice and file with the Court or mail to the Class Administrator a written Objection by the Objection Deadline. In the written Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address, and telephone number, or—if objecting through counsel—his or her lawyer's name, address, and

telephone number, (iii) the Class Product(s) the Settlement Class Member bought during the Class Period, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any.

14. If a Settlement Class Member does not submit a written Objection to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so provided the Objector satisfies the requirements of Federal Rule of Civil Procedure 23(e)(5)(A) at the Final Approval Hearing.

15. Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance of the Final Approval Hearing, to file with the Court or mail to the Class Administrator a Notice of Intent to Appear.

16. All Members of the Settlement Class, except those who submit timely Requests for Exclusion, will be bound by all determinations and judgments regarding the Settlement, whether favorable or unfavorable to the Settlement Class.

17. <u>Submission of Claims</u>. To receive a Cash Award, Settlement Class Members must follow the directions in the Notice and file a claim with the Class Administrator by the Claims Deadline of September 7, 2021. Settlement Class Members who do not submit a claim will not receive a Cash Award, but will be bound by the Settlement.

18. <u>Schedule of Future Events</u>. The Court adopts the following schedule (with Day "0" the date of this Order):

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date of Preliminary Approval Order | 0 | - |

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Deadline to commence 63-day notice period | 21 | 3 weeks |
| Deadline for Plaintiffs to file Motion for Attorneys' Fees, Costs, and Incentive Awards | 49 | 7 weeks |
| Notice completion date, and deadline to make a claim, opt out, and object | 84 | 12 weeks |
| Deadline for Plaintiffs to file Motion for Final Approval | 103 | 15 weeks |

19. <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for November 18, 2021, at 1:30 p.m., for the Court to determine whether the Settlement on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

20. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement described therein.

**IT IS SO ORDERED.**

Dated: June 15, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge