UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN HADLEY, et al., | Case No. 16-CV-04955-LHK |
| Plaintiffs, | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| KELLOGG SALES COMPANY, | Re: Dkt. Nos. 398, 401 |
| Defendant. | |

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 401, and Motion for Attorneys' Fees, ECF No. 398, including the November 22, 2021 Supplemental Declaration in Support of Plaintiffs' Motion for Final Approval, ECF No. 405, which includes an updated lodestar; the arguments at the November 18, 2021 Final Approval Hearing; and the record in this case, the Court hereby FINDS and ORDERS as follows:

1.      <u>Incorporation of Other Documents</u>. The Settlement Agreement dated March 9, 2021, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order, ECF No. 395, are also incorporated by reference in this Order.

United States District Court
Northern District of California

2.      <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order: All persons in the United States who, between August 29, 2012 and May 1, 2020 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in the Settlement Agreement.[1] Excluded from the Settlement Class are all persons who validly excluded themselves from the Settlement Class according to the terms of this Court's Preliminary Approval Order.

3.      <u>Class Certification</u>. For purposes of settlement only, the Settlement Class, as defined in the Settlement Agreement and above, meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and 23(b). Accordingly, for purposes of settlement, the Court finally certifies the Settlement Class.

4.      <u>Adequate Representation</u>. The Class Representatives and Class Counsel have adequately represented the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(2)(A).

5.      <u>Arms-Length Negotiations</u>. The Settlement Agreement is the product of arms-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Defendant and its counsel, on the other, in accordance with Federal Rule of Civil Procedure 23(e)(2)(B).

6.      <u>Class Notice</u>. The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were

---

[1] The Class Products specifically include: (i) Kellogg's Original Raisin Bran and Kellogg's Raisin Bran Crunch cereals in a package stating "heart healthy"; (ii) Kellogg's Smart Start Original Antioxidants cereal in a package stating "heart healthy" and/or "lightly sweetened"; and (iii) Kellogg's Frosted Mini-Wheats Bite Size (Original, Maple Brown Sugar, Strawberry, or Blueberry varieties), Big Bites (Original variety), Little Bites (Chocolate or Cinnamon Roll varieties), or Touch of Fruit in the Middle (Mixed Berry and Raspberry varieties) cereals in a package stating "lightly sweetened."

Case No. 16-CV-04955-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

7.     CAFA Notice. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.     Settlement Class Response. A total of three Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Class Administrator submitted to this Court. The Court hereby orders that each of the individuals listed by the Class Administrator as having submitted a valid Request for Exclusion is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9.     Objections. No Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. The Court finds this indicates the Class's favorable response to the Settlement and supports its final approval.

10.     Final Settlement Approval. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"); finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure; and directs its consummation pursuant to its terms and conditions.

11.     Attorneys' Fees and Costs; Service Awards. Class Counsel has engaged in extensive litigation since filing the original complaint on August 29, 2016, including: (1) filing a total of five complaints; (2) opposing two motions to dismiss, resulting in a 41 page order granting the first motion to dismiss and a 64 page order granting in part and denying in part the second motion to dismiss; (3) filing and briefing a motion for class certification, resulting in a 51

United States District Court
Northern District of California

3

1   page order granting in part and denying in part class certification; (4) filing a Rule 23(f) petition

2   in the Ninth Circuit challenging the class certification order; (5) opposing Defendant's Rule 23(f)

3   petition in the Ninth Circuit; (6) filing and briefing a motion for partial summary judgment and

4   motions to strike Defendant's experts' testimony; (7) opposing Defendant's motion for partial

5   summary judgment and motions to strike Plaintiff's experts' testimony; and (8) filing two

6   motions for preliminary settlement approval.  Class Counsel also engaged in extensive settlement

7   efforts, including seven mediation sessions and one United States Magistrate Judge settlement

8   conference.   These efforts allowed Class Counsel to obtain a significant monetary recovery for

9   the class as well as injunctive relief that provides health benefits to all purchasers of Defendant's

10  products.

11          Thus, the Court approves Class Counsel's application for attorneys' fees and costs in the

12  amount of $3,900,000 in fees and $1,157,501 in costs; and approves service awards of $10,000

13  for Plaintiff Stephen Hadley, and $5,000 each for Plaintiffs Melody DiGregorio, Eric Fishon,

14  Kerry Austin, and Nafeesha Madyun. The Settlement Agreement provides for Class Counsel's

15  Fee Award to be paid before the time to appeal this Order has expired. If the Fee Award is voided

16  or reduced on appeal, either directly or as a result of the final approval of the Settlement as a

17  whole being vacated, overturned, reversed, or rendered void as a result of an appeal, Class

18  Counsel shall within thirty (30) days repay either to the Settlement Fund or to Kellogg the

19  affected amount of the attorneys' fees and costs paid to Class Counsel, in an amount

20  proportionate to the distribution among Class Counsel's firms, in accordance with the directions

21  in the Settlement Agreement. By receiving any payments pursuant to the Settlement Agreement,

22  The Law Office of Jack Fitzgerald, PC and Jackson & Foster, LLC and their shareholders,

23  members, and/or partners submit to the jurisdiction of this Court for the enforcement of the

24  reimbursement obligation set forth herein and in the Settlement Agreement. If Class Counsel fails

25  to timely repay the attorneys' fees and costs that are owed under this provision, the Court shall be

26

27                                                      4

28  Case No. 16-CV-04955-LHK
    ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
    MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1    entitled, upon application of Kellogg and notice to Class Counsel, to summarily issue orders,

2    including but not limited to judgments and attachment orders against each of Class Counsel.

3           12.     <u>Dismissal</u>. The Court hereby DISMISSES WITH PREJUDICE, without costs to

4    any party, except as expressly provided for in the Settlement Agreement, the Action, as defined in

5    the Settlement Agreement.

6           13.     <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, the

7    Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and

8    finally releases and forever discharges the Released Parties from the Released Claims.

9           14.     <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member,

10   and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is

11   hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing,

12   maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any

13   individual, class or putative class, representative or other action or proceeding), directly or

14   indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

15   This permanent bar and injunction is necessary to protect and effectuate the Settlement

16   Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement

17   Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

18          15.     <u>No Admission of Liability</u>. The Settlement Agreement and any and all

19   negotiations, documents, and discussions associated with it will not be deemed or construed to be

20   an admission or evidence of any violation of any statute, law, rule, regulation, or principle of

21   common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the

22   claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or

23   indirectly, in any way, whether in this Action or in any other action or proceeding, except for

24   purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of

25   the Agreement, the Preliminary Approval Order, or this Order.

26

27

5

28   Case No. 16-CV-04955-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
MOTION FOR ATTORNEYS' FEES

16.     <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

17.     <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

18.     <u>Injunctive Relief</u>. The Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19.     <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of the Judgment and the Agreement and all matters ancillary to the same.

20.     <u>Post-Distribution Accounting</u>. Within 21 days after the distribution of the settlement funds to Class Members, the parties should file a Post-Distribution Accounting in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements.

**IT IS SO ORDERED.**

Dated: November 23, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

6

Case No. 16-CV-04955-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING
MOTION FOR ATTORNEYS' FEES